JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Archie Thomas, Jr. ("appellant") is appealing the trial court's judgment entry of December 2, 2002, granting defendant-appellee Golden Gate Shopping Center's ("Golden Gate") motion to dismiss plaintiff's first amended complaint.[1] Having reviewed the arguments of the parties and the pertinent law, we affirm the decision of the trial court.
 I {¶ 2} The lawsuit in question resulted from a physical altercation that occurred at a local bar and restaurant known as Moose O'Malley's (a.k.a. ARM Foods, Inc.) on August 15, 2000. Appellant and his girlfriend were both employees of the restaurant on the day in question. His shift was scheduled to end at approximately 5:00 p.m.; however, his girlfriend's shift was scheduled to end much later, sometime after midnight. After appellant's shift was over, he waited at the restaurant for his girlfriend to finish her shift so they could leave together.
 {¶ 3} Appellant stopped working at approximately 5:00 p.m.; however, the fight did not occur until about 2:30 a.m. Appellant stated that he went over to Friday's to fill out an application, ate some food, drank some alcoholic beverages, and then slept in a booth at the restaurant until about 2:30 a.m. when he went outside. A Cadillac with four men in it was parked out front. At least one of the men made some derogatory comments to appellant and a fight ensued.
 {¶ 4} Appellant then sued various defendants regarding the physical altercation and voluntarily dismissed his original lawsuit. He refiled his suit on September 11, 2002 and settled with all defendants except Golden Gate. Later, the trial court granted appellee Golden Gate's motion to dismiss based on the statute of limitations and appellant is now appealing that decision to this court.
 II {¶ 5} Appellant's sole assignment of error states that "the trial court erred in granting appellee's motion to dismiss without first converting it to a motion for summary judgment and proceeding pursuant to Civ. Rule 56 given that both parties introduced documentary evidence in support of their respective portions upon the motion."
 {¶ 6} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545. In resolving a Civ.R. 12(B)(6) motion to dismiss, the trial court may consider only the statements and facts contained in the pleadings, and may not consider or rely on evidence outside the complaint. Estate of Sherman v. Millhon (1995), 104 Ohio App.3d 614.
"When a motion to dismiss presents matters outside the pleadings,the trial court may either exclude the extraneous matter from itsconsideration, or treat the motion as one for summary judgment anddispose of it pursuant to Ohio R. Civ. P. 56. However, a trial court maynot, on its own motion, convert an Ohio R. Civ. P. 12(B)(6) motion todismiss to a motion for summary judgment and thus dispose of it withoutgiving notice to the parties of its intent to do so and fully complyingwith Ohio R. Civ. P. 12(B) and Ohio R. Civ. P. 56 in its considerations.Ohio R. Civ. P. 12(B)." Powell v. Vorys (1998), 131 Ohio App.3d 681.(Emphasis added.)
 {¶ 7} Civ.R. 12(B) provides, in relevant part:
" * * * When a motion to dismiss for failure to state a claim uponwhich relief can be granted presents matters outside the pleading andsuch matters are not excluded by the court, the motion shall be treatedas a motion for summary judgment and disposed of as provided in Rule 56,provided, however, that the court shall consider only such matters outsidethe pleadings as are specifically enumerated in Rule 56. All partiesshall be given reasonable opportunity to present all materials madepertinent to such a motion by Rule 56." (Emphasis added.)
 {¶ 8} Under Civ.R. 56(C), only "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact" are permitted to support a motion for summary judgment. Civ.R. 56(C). "The documents attached to defendant's motion to dismiss do not fit any of the categories listed in Civ.R. 56. No affidavits or authenticating testimony for these documents was attached to defendant's motion. Thus, none of defendant's evidence properly supports a motion for summary judgment. Therefore, the court could not have properly rendered its decision based on Civ.R. 56." Powell v. Vorys (1998), 131 Ohio App.3d 681, 682. (Emphasis added.)
 {¶ 9} In the case sub judice, appellee attached to the motion to dismiss various printouts of the trial court's docket and portions of the alleged lease. The attachment does not fall within the parameters set forth above in Civ.R. 56. The court's docket is public record and does not constitute a pleading, deposition, answer to interrogatories, written admission, affidavit, transcript of evidence, or written stipulation of fact. Therefore, none of the appellee's evidence supports a Civ.R. 56(C) motion for summary judgment and the court could not have properly rendered its decision based on Civ.R. 56 in this case. Furthermore, the attachment of the docket is harmless error; there is no evidence that the trial court relied on or considered the attachments to the motion to dismiss in its decision.
 {¶ 10} In addition, the court correctly dismissed the complaint because the face of the complaint conclusively shows that the statute of limitations bars the appellant's action.
 {¶ 11} Appellant's assignment of error is overruled.
 {¶ 12} The judgment is affirmed.
Judgment affirmed.
James J. Sweeney, P.J., concurs.
Colleen Conway Cooney, J. concurs in judgment only.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Book 2845, p. 0801.