OPINION
{¶ 1} Plaintiff-appellant, Susan K. Nicely, appeals from an order by the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, which dismissed her complaint for child support against defendant-appellee, David Kline.
 {¶ 2} On March 12, 2004, appellant filed a complaint seeking child support from appellee on behalf of their biological son, Christopher. According to the complaint, Christopher was born on September 30, 1984. A Franklin County Child Support Enforcement Agency ("CSEA") case filed in 1996 established appellee as Christopher's father. Pursuant to an agency order filed in that case, according to appellant, appellee's obligation to pay child support was effective on or about January 16, 1997.
 {¶ 3} Appellant alleges that, in the course of the 1996 case, she sought support retroactive to Christopher's date of birth, "but the Child Support Enforcement Agency refused to pursue back child support." Through her complaint, appellant now seeks child support from September 30, 1984, through January 16, 1997.
 {¶ 4} Appellee filed an answer, but did not deny any of appellant's allegations against him. Instead, he asserted four defenses: (1) the court had no jurisdiction to address the issue of back child support because appellant did not appeal the support order, which became effective on January 3, 1997; (2) appellant's claims were barred by laches; (3) appellee had overpaid his child support by more than $700; and (4) appellant did not have a custodial relationship with Christopher during substantial periods of his childhood.
 {¶ 5} An August 2, 2004 magistrate's order reflects that the parties appeared for a hearing before a magistrate. The order required the parties to submit briefs on the issue of whether the 1997 order barred the current matter.
 {¶ 6} Appellee filed a brief in support of dismissal of appellant's complaint. Appellee argued that CSEA issued an administrative order requiring appellee to pay child support in the amount of $353.87 per month beginning on February 1, 1997. Appellee attached to his brief a copy of the administrative order, which includes the following:
 NOTICE TO THE OBLIGOR AND OBLIGEE:
EITHER PARTY MAY OBJECT TO THIS ADMINISTRATIVE SUPPORT ORDER BY BRINGING AN ACTION UNDER SECTION 2151.231 OF THE REVISED CODE NO LATER THAN THIRTY (30) DAYS AFTER THE ISSUANCE DATE OF THIS ORDER. IF NEITHER THE MOTHER NOR FATHER BRINGS AN ACTION IN THE JUVENILE COURT WITHIN THE THIRTY (30) DAY PERIOD, THIS ADMINISTRATIVE ORDER IS FINAL AND MAY BE MODIFIED ONLY IN ACCORDANCE WITH SECTION 3111.27 OR SECTIONS 3113.21 TO 3113.219
OF THE REVISED CODE.
 {¶ 7} According to appellee, neither party objected to the administrative order, and the court approved the order. Thereafter, appellee "religiously paid" the child support.
 {¶ 8} In his brief, appellee asserted two grounds for dismissing appellant's complaint. First, appellee argued res judicata, i.e., since appellant did not object to the 1997 order, it became final, and she may not seek review now. Second, appellee argued laches. In appellee's view, it would be impossible to go back in time to recover and/or recreate the records necessary to establish a support obligation.
 {¶ 9} Appellant filed a memorandum contra appellee's motion to dismiss her complaint. She confirmed the existence of the 1997 administrative order establishing support. According to appellant, however, there is no court record reflecting approval of the administrative order, and the court never approved it. Because res judicata only applies to court orders, res judicata does not apply to the administrative order. In the course of making this argument, appellant also asserted that CSEA's practice was to advise parties that a separate court action was necessary in order to recover retroactive support. Accordingly, appellant did not seek retroactive support at that time.
 {¶ 10} As to laches, appellant refuted appellee's claims concerning his inability to recover the necessary records. Appellant also noted that appellee had failed to show material prejudice as a result of the delay.
 {¶ 11} On November 2, 2004, the magistrate issued a decision dismissing appellant's complaint. The magistrate made findings of fact and conclusions of law "[b]ased on the pleadings and the court file[.]" The magistrate confirmed that the January 3, 1997 order established support and paternity. As quoted above, that order notified the parties of their ability to object to that administrative order and, if neither party objected, of its finality. The magistrate acknowledged appellant's assertion that CSEA notified her of her ability to file a court action to pursue retroactive support, but noted that appellant failed to state precisely what that notice said.
 {¶ 12} The magistrate concluded that the CSEA order provided the notice pursuant to R.C. 3111.84. Because the January 3, 1997 order became final on February 2, 1997, res judicata precluded the court from reviewing it. Therefore, the magistrate granted appellee's "motion to dismiss" and dismissed appellant's complaint.
 {¶ 13} Appellant objected to the magistrate's decision. In particular, appellant refuted the magistrate's finding that CSEA had informed her of her right to request court review of the administrative order so that she could request back support. Appellant also objected to the magistrate's finding that res judicata applied. However, the trial court overruled the objections, granted appellee's "Motion to Dismiss," and dismissed appellant's complaint.
 {¶ 14} Appellant timely appealed to this court. She raises a single assignment of error:
The trial court erred to the prejudice of Plaintiff-Appellant in dismissing the Plaintiff's claim for child support with prejudice.
 {¶ 15} Before addressing appellant's assignment of error, we first address the procedural progress of the case below. The magistrate's August 2, 2005 order appears to reflect an oral motion by appellee for dismissal of appellant's complaint on grounds of res judicata, and the parties responded accordingly with briefing. The specific wording of the applicable entries indicates that the magistrate and the trial court intended to grant appellee's "motion to dismiss."
 {¶ 16} Although neither the court nor the parties have indicated the precise rule at issue, we assume from appellee's arguments that he based his motion to dismiss on Civ.R. 12(B)(6), failure to state a claim upon which relief can be granted. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief may be granted tests the sufficiency of a complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.
(1992), 65 Ohio St.3d 545, 548. Thus, "a trial court must limit its consideration to the four corners of the complaint" when deciding a Civ.R. 12(B)(6) motion to dismiss. Singleton v.Adjutant Gen. of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 18.
 {¶ 17} Here, there is no question that the court considered evidence outside the complaint. In his brief on dismissal, appellee attached copies of the 1997 order and related records. In response, appellant confirmed the accuracy of those records, but disputed appellee's assertion that a court approved the administrative order. Most importantly, the magistrate expressly stated that the opinion is "[b]ased on the pleadings and the court file[.]" And the magistrate relied on, and quoted from, those records in the decision.
 {¶ 18} Under Civ.R. 12(B), when a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and the court does not exclude those matters, the court shall treat the motion as a motion for summary judgment under Civ.R. 56. "Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56." Civ.R. 12(B). When converting a motion to dismiss into a motion for summary judgment, the trial court must provide the parties a reasonable opportunity to present all pertinent materials. Id.;Charles v. Conrad, Franklin App. No. 05AP-410, 2005-Ohio-6106;EMC Mtge. Corp. v. Jenkins, Franklin App. No. 04AP-1319,2005-Ohio-5799.
 {¶ 19} Moreover, Civ.R. 12(B) does not permit a party to raise the affirmative defense of res judicata in a motion to dismiss. Rather, a party must raise res judicata in a motion for summary judgment. State ex rel. Freeman v. Morris (1991),62 Ohio St.3d 107, 109; Jude v. Franklin Cty., Franklin App. No. 03AP-1053, 2004-Ohio-2528; Karlen v. Steele (Sept. 15, 2000), Trumbull App. No. 99-T-0076.
 {¶ 20} Here, we first consider whether the court complied with the evidentiary requirements of Civ.R. 56 in deciding appellee's motion. Civ.R. 56(C) provides:
* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. * * *
 {¶ 21} Applying Civ.R. 56(C) to this case, the court could have properly considered appellant's complaint, appellee's answer, and appellee's answers to requests for production of documents. But, in addition to this evidence, appellee also submitted unauthenticated documents relating to the 1997 administrative order, including a copy of the order itself. Ordinarily, unauthenticated documents, including uncertified court records, may not support summary judgment. Waterfield Fin.Corp. v. Gilmer, Franklin App. No. 04AP-252, 2005-Ohio-1004;Reynolds v. Morris (Sept. 28, 1999), Franklin App. No. 99AP-64;Thomas v. ARM Food, Inc., Cuyahoga App. No. 82863,2003-Ohio-6925; Burton v. Triplett (Feb. 14, 2002), Franklin App. No. 01AP-357; Powell v. Vorys, Sater, Seymour Pease
(1998), 131 Ohio App.3d 681, 685. Here, however, appellant did not object to, and even appeared to acquiesce in, appellee's use of the records relating to the 1997 order. And appellant raises no error on appeal regarding their consideration. Therefore, we do not find that the trial court erred in considering them. SeeThompson v. Otterbein College (Feb. 6, 1996), Franklin App. No. 95APE08-1009.
 {¶ 22} Second, we assess whether the court gave adequate notice of its intent to convert the motion to dismiss into a motion for summary judgment. There is no record of any notice by the court. While a failure to give such notice of conversion constitutes error, any such error was not prejudicial if both parties had the opportunity to present evidence in support of their respective positions. See Reynolds.
 {¶ 23} In this case, appellant had a reasonable opportunity to present evidence outside her complaint to oppose appellee's motion. Instead of doing so, however, appellant confirmed the accuracy of the documents submitted by appellee, with the exception of the asserted court approval. The magistrate also conducted a hearing and gave each party the opportunity to brief the issue. Thus, we conclude that the court's failure to provide notice of its conversion of appellee's motion to dismiss into a motion for summary judgment was harmless.
 {¶ 24} Initially, we note that our standard for reviewing a trial court's granting of summary judgment under Civ.R. 56 is de novo. Helton v. Scioto Cty. Bd. of Commrs. (1997),123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court."Mergenthal v. Star Banc Corp. (1997), 122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel.Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 25} In dismissing appellant's complaint, the magistrate found, and the trial court adopted the finding, that res judicata applied to preclude appellant's claim for back child support. Despite appellant's assertion to the contrary, the doctrine of res judicata applies to administrative proceedings that are judicial in nature and where the parties have had sufficient opportunity to litigate the issues involved in the proceeding.Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381; Staceyv. Leonardo (May 11, 2001), Erie App. No. E-00-053. The doctrine of res judicata encompasses both claim preclusion (estoppel by judgment) and issue preclusion (collateral estoppel). Grava at 381. Claim preclusion prevents a party from re-litigating a cause of action that was raised or could have been raised in a prior action arising out of the transaction or occurrence that was the subject matter of the previous action. Id. Issue preclusion prevents parties from re-litigating facts and issues in a subsequent suit if they were fully litigated in a previous suit.State ex rel. Stacy v. Batavia Local School Dist. Bd. of Edn.,97 Ohio St.3d 269, 2002-Ohio-6322, at ¶ 16.
 {¶ 26} Here, appellant argues that the 1997 administrative order does not preclude her action because CSEA did not have authority to award retroactive child support. Because she could not have raised and fully litigated the question of retroactive support, appellant continues, the doctrine of res judicata does not bar her claims. We agree.
 {¶ 27} Our analysis begins with the applicable laws and administrative rules, as they existed in 1997. At that time, Chapter 3111 of the Revised Code set out the parameters for legally defining parent-child relationships, determining parentage, and enforcing parents' obligations to support their children. See R.C. Chapter 3111 (Page's Annot. 1996). R.C.3111.20 established a parent's duty to support his or her child, and R.C. 3111.20(C) provided three options for a parent seeking to enforce that duty on the other parent:
A parent * * * of a child * * * [1] may file a complaint pursuant to section 2151.231 * * * of the Revised Code in the juvenile court * * * requesting the court to order a parent who neglects or does not assume the parental duty of support to pay an amount for the support of the child, [2] may contact a child support enforcement agency for assistance in obtaining the order, or [3] may request an administrative officer of a child support enforcement agency to issue an administrative order for the payment of child support * * *.
Thus, a parent could file a complaint in the juvenile court to obtain an order of support, contact a child support enforcement agency for assistance in obtaining a court order or request an order from an administrative officer of the agency.
 {¶ 28} If a parent filed a complaint in the juvenile court, the court held original jurisdiction to issue an order requiring a parent of the child to pay an amount for the child's support. See R.C. 2151.231 (Page's Annot. 1994). R.C. 3113.215 set out detailed statutory child support guidelines for the uniform determination of support and prospective payment of that support. R.C. 3113.215 also gave express authority to the court to issue a support order that deviated from those guidelines if, for example, the guideline amount would be unjust or inappropriate and would not be in the best interest of the child. See, e.g., R.C. 3113.215(B)(1) through (3) (Page's Annot. 1996). In cases where the juvenile court also determined paternity, R.C.3113.13(F)(3) also gave the court express authority to require the payment of retroactive support. Beach v. Poole (1996),111 Ohio App.3d 710, 712; Seegert v. Zietlow (1994),95 Ohio App.3d 451, 460-462.
 {¶ 29} If, rather than filing a complaint for support in juvenile court, a parent requested an order from an administrative officer of the child support enforcement agency, R.C. 3111.20 provided for a hearing within 60 days to determine the amount of support and the method of paying that support. Pursuant to R.C. 3111.20(D)(2), when an administrative officer issued a support order, that order had to include a notice stating:
* * * [T]hat the mother or the father may object to the administrative order by bringing an action for the payment of support under [R.C. 2151.321] in the juvenile court * * *, that the action may be brought no later than thirty days after the date of the issuance of the administrative order requiring the payment of child support, and that, if neither the mother nor the father brings an action for the payment of support within that thirty-day period, the administrative order requiring the payment of support is final and enforceable by a court and may be modified and enforced only in accordance with sections 3111.20 to3111.28 and 3113.21 to 3113.219 * * * of the Revised Code.
 {¶ 30} To determine the authority of an administrative officer, we look first to R.C. 2301.35, which became effective in 1987 and authorized the creation of a child support enforcement agency in each county in Ohio. See R.C. 2301.35 (Page's Annot. 1996 Supp.). That statute also authorized the Department of Human Services for the State of Ohio to adopt rules governing the operation of support enforcement by child support enforcement agencies. Pursuant to that authority, and consistent with R.C.3111.20(D), Ohio Adm. Code 5101:1-32-03 prescribed the administrative support order process. See Ohio Monthly Record (June 1996). As to the administrative officer's authority, Ohio Adm. Code 5101:1-32-03(D) provided:
The CSEA's administrative officer must use the "Ohio Child Support Guidelines" as set forth in [R.C. 3113.215] and [Ohio Adm. Code 5101:1-30-40] when determining and setting child support amounts. The basic child support schedule contained in [R.C.3113.215] shall be the premise for all administrative support order establishments. The CSEA's administrative officer shall not deviate from the use of the basic child support schedule in establishing child support orders. If deviations are desired therequesting party must petition the appropriate court.
(Emphasis added.)
 {¶ 31} Thus, in 1997, applicable administrative rules limited CSEA's authority to establish support only in accordance with the statutory guidelines, which prescribed prospective payments. This administrative limitation was consistent with R.C. 3113.215, which expressly authorized a court's deviation from the guidelines and an agency's recommendation for a deviation, but did not expressly authorize an administrative officer to issue an order of support that deviated from the guidelines.
 {¶ 32} The foregoing analysis is consistent with the Sixth District's analysis of these statutes and rules in Stacey. InStacey, the Sixth District also noted that a county child support enforcement agency is a creature of statute. "As such, the CSEA's authority in the establishment of a legal parent-child relationship and the determination of a child support obligation is limited to the jurisdiction and powers conferred by statute."Stacey, citing State ex rel. Clarke v. Cook (1921),103 Ohio St. 465, 467; Green v. Western Reserve Psych. Hab. Center
(1981), 3 Ohio App.3d 218, 220. Faced with the question whether a prior administrative order barred a mother's complaint for birthing expenses, retroactive child support, and medical expenses, the Sixth District concluded:
A perusal of the statutory sections named in R.C. 3111.22(E) fails to reveal any express grant of authority to the CSEA administrative officer to consider birthing expenses, retroactive child support and past medical expenses incurred on behalf of the minor child between the time of birth and the date set in the administrative order for the commencement of the child support obligation. * * *
Stacey. Thus, the court concluded, the doctrine of res judicata did not bar the mother's complaint.
 {¶ 33} Consistent with the Sixth District's analysis of these issues, we find that, in 1997, CSEA did not have authority to award appellant retroactive support. In order to receive such an award, appellant would have had to file a separate action in the juvenile court. Here, although the 1997 order identifies a court case number, appellee did not submit evidence of a complaint filed in juvenile court; rather, the record includes evidence only of an administrative order. Because appellant could not have raised and fully litigated her claim for retroactive support in an administrative proceeding, the 1997 administrative order does not preclude her complaint for the payment of child support from 1984 to 1997 under the doctrine of res judicata. Thus, we sustain appellant's assignment of error.
 {¶ 34} Finally, we note that we have not considered whether other legal doctrines (laches, for example) might preclude appellant's complaint. As the trial court considered only res judicata, we have limited our analysis accordingly.
 {¶ 35} For the foregoing reasons, we sustain appellant's sole assignment of error, we reverse the decision of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and we remand this action for further proceedings.
Judgment reversed and cause remanded.
Bryant and Petree, JJ., concur.