NORTHPOINT PROPERTIES, INC., et al., Appellants,

v.

PETTICORD et al., Appellees.

[Cite as *NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90824.

Decided Nov. 20, 2008.

Patrick J. Holland; and Yelsky & Lonardo and Angelo F. Lonardo, for appellants.

Walter & Haverfield, L.L.P., Ralph E. Cascarilla, Darrell A. Clay, Bonnie S. Finley, and Sarah L. Lang; and Joyce E. Barrett, for appellees.

SEAN C. GALLAGHER, Presiding Judge.

{¶ 1} Appellants, Daniel Dzina and NorthPoint Properties, Inc., appeal the decision of the Cuyahoga County Court of Common Pleas that granted the motion of appellees Daniel E. Petticord and Bryztwa, Quick & McCrystal, L.L.P., to dismiss appellants' amended complaint, as well as the motion of appellees Joyce E. Barrett and Law Offices of Joyce E. Barrett to dismiss appellants' amended complaint. For the reasons that follow, we find that the trial court erred in taking judicial notice of the opinions attached to appellees' motions to dismiss. Nevertheless, we affirm the trial court's dismissal of the complaint on other grounds because a decision of the lower court that is ultimately correct, even if incorrectly reasoned, will still be affirmed. *Agee v. Russell* (2001), 92 Ohio St.3d 540, 751 N.E.2d 1043.

{¶ 2} Appellants filed suit against Daniel E. Petticord and Bryztwa, Quick & McCrystal, L.L.P., and Joyce E. Barrett and Law Offices of Joyce E. Barrett (collectively, "appellees"), alleging claims for racketeering ("RICO"), conspiracy to abuse process, abuse of process, conspiracy to effect fraud, and fraud.

{¶ 3} The 1998 divorce between appellant Daniel Dzina and his ex-wife Nancy Saro spawned countless lawsuits. The current lawsuit pits Dzina and NorthPoint Properties against Saro's former attorneys, Daniel Petticord and Joyce Barrett

("Barrett"), and alleges that they participated in a fraudulent scheme to deprive Dzina of his financial assets.

{¶ 4} The appellees filed motions to dismiss, arguing that the appellants brought the same claims against them that they brought against Saro in *Dzina v. Avera Internatl. Corp.*, Cuyahoga C.P. No. CV–504035, which was filed on June 23, 2003. Appellees argued that appellants' complaint failed to state a claim upon which relief could be granted and that the claims were barred by the statute of limitations, collateral estoppel, and immunity. The trial court agreed and dismissed appellants' complaint. Appellants appeal, advancing five assignments of error for our review.

{¶ 5} Appellants' first, second, and fourth assignments of error will be addressed together.

{¶ 6} "I. The trial court erred in failing to apply the standard applicable to a Civ.R. 12(B)(6) motion and in relying on documents outside the pleadings without converting appellees' Civ.R. 12(B)(6) motions to motions for summary judgment.

{¶ 7} "II. The trial court erred in finding that the statute of limitations had run as to all of the claims raised in appellants' complaint.

{¶ 8} "IV. The trial court erred in finding appellants were collaterally estopped from pursuing their claims in the General Division of the Cuyahoga County Common Pleas Court."

{¶ 9} Appellants argue that the trial court erred when it considered documents attached to the appellees' motions to dismiss without first notifying the parties of its intention to convert the motions to dismiss to motions for summary judgment. Specifically, appellants argue that the trial court should not have considered this court's opinion in *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363, 2006 WL 728755, when considering appellees' argument that the statute of limitations had run and that appellants were barred by the doctrine of collateral estoppel.

{¶ 10} Appellees argue that the trial court may consider the court opinions attached to their motions when ruling on a Civ.R. 12(B)(6) motion to dismiss by taking judicial notice of the attached opinions.

{¶ 11} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs. Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations

of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 565 N.E.2d 584.

{¶ 12} Civ.R. 12(B) states:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 13} In granting the Civ.R. 12(B)(6) motions and dismissing the complaint, the trial court found that appellants became aware of the facts underlying the present causes of action in April 2001 and knew or should have known of appellees' alleged scheme at that time. As a result, the trial court found that all of appellants' claims were barred by the statute of limitations.

{¶ 14} Further, the trial court found that appellants were collaterally estopped from bringing this suit because appellants were parties in the prior suit, *Dzina v. Avera Internatl. Corp.*, Cuyahoga C.P. No. CV–504035, 2005 WL 4934105; there was a final judgment on the merits in that suit; the issue was tried and necessary to the final judgment; and the issues are identical.

{¶ 15} The trial court relied on *Dzina v. Avera Internatl. Corp.*, Cuyahoga C.P. No. CV–504035, 2005 WL 4934105, and *Dzina v. Avera Internatl. Corp.*, Cuyahoga App. No. 86583, 2006-Ohio-1363, 2006 WL 728755, when making its findings. Because the basis of the trial court's ruling is the appellants' prior litigation history, which does not appear within the four corners of the amended complaint, we find that the trial court erred in granting appellees' motions to dismiss under Civ.R. 12(B)(6).

{¶ 16} Appellees argue that the trial court can take judicial notice of prior lawsuits filed in its own court. Judicial notice allows a court to accept, "for purpose of convenience and without requiring a party['s] proof, * * * a well-known and indisputable fact." *State v. Blaine*, Highland App. No. 03CA9, 2004-Ohio-1241, 2004 WL 524667, ¶ 12; Evid.R. 201. A trial court may take judicial notice of "appropriate matters" in considering a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim. *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 16, 661 N.E.2d 170. However, a trial court cannot take judicial notice of court proceedings in another case. *Campbell v. Ohio Adult Parole Auth.* (Oct. 28, 1997), Franklin App. No. 97APE05–616, 1997 WL 678199. Similarly, "a trial court may not take judicial notice of prior proceedings in the court even if the same parties and subject matter are involved." *First Michigan Bank & Trust*

*Co. v. P. & S. Bldg.* (Feb. 16, 1989), Meigs App. No. 413, 1989 WL 11915. A trial court "may only take judicial notice of prior proceedings in the immediate case." *In re LoDico,* Stark App. No. 2003–CA–00446, 2005-Ohio-172, 2005 WL 100953, ¶ 94; *First Michigan Bank & Trust Co.* "The rationale for the rule that a trial court cannot take judicial notice of proceedings in a separate action is that the appellate court cannot review the propriety of the trial court's reliance on such prior proceedings because that record is not before the appellate court." *Campbell,* citing *Deli Table, Inc. v. Great Lakes Mall* (Dec. 31, 1996), Lake App. No. 95–L–012, 1996 WL 761984.

{¶ 17} Furthermore, Civ.R. 12(B)(6) limits consideration of matters outside the pleadings to those specifically enumerated in Civ.R. 56. Consideration of evidence taken by judicial notice is not specifically enumerated in Civ.R. 56(C). *Lansing v. Hybud Equip. Co.,* Stark App. No. 2002CA00112, 2002-Ohio-5869, 2002 WL 31411311. In this case, the taking of judicial notice involves consideration of evidence outside the complaint. Before the trial court was authorized to consider the prior litigation history of the parties, it was required to notify all the parties at least 14 days prior to the time of hearing that it was converting appellees' motions to dismiss for failure to state a claim into motions for summary judgment. *Petrey v. Simon* (1983), 4 Ohio St.3d 154, 4 OBR 396, 447 N.E.2d 1285. Further, in *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, the Ohio Supreme Court held as follows: "A motion to dismiss based on the bar of the statute of limitations is erroneously granted when the complaint does not conclusively show on its face the action is barred by the statute of limitations." Id. at paragraph three of the syllabus.

{¶ 18} We find that the trial court erred when it took judicial notice of the opinions attached to appellees' motions to dismiss. In addition, the trial court erred when it determined that all of appellants' claims were barred by the statute of limitations because that could not be determined by reviewing the complaint. Finally, we find that the trial court erred when it determined that appellants were collaterally estopped from bringing the claims in the suit because the court had to go outside the four corners of the complaint to make its finding. Accordingly, appellants' first, second, and fourth assignments of error are sustained.

{¶ 19} We turn now to appellants' third and fifth assignments of error, because the trial court further found that appellees were immune from liability and that appellants failed to allege a viable RICO claim, dismissing appellants' cause of action for conspiracy to abuse process, abuse of process, conspiracy to effect fraud, fraud, and racketeering. These findings were based on the four corners of the complaint, without viewing the previous litigation history.

{¶ 20} "III. The trial court erred in ruling that appellees were immune from liability for their alleged criminal/tortious conduct.

{¶ 21} "V. The trial court erred in ruling that appellants' complaint failed to allege a viable cause of action under the Ohio Civil RICO Act."

{¶ 22} Appellants argue that the trial court mischaracterized the allegations in the complaint as asserting liability for appellees' statements rather than their conduct. Appellants also assert that they alleged the existence of an enterprise separate from the predicate acts.

{¶ 23} Appellees contend that all of appellants' allegations involved statements made by appellees in connection with judicial proceedings that are reasonably related to the litigation and cannot be used to support tort claims against the attorneys. Appellees further argue that appellants' complaint consisted of legal conclusions couched as factual allegations and did not set forth allegations sufficient for a civil RICO claim.

{¶ 24} Statements made by an attorney that are reasonably related to a judicial proceeding cannot serve as the basis of a tort claim. *Willis & Linnen,* 163 Ohio App.3d 400, 2005-Ohio-4934, 837 N.E.2d 1263. Further, unsupported conclusions that appellees committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192–193, 532 N.E.2d 753; citing *Schulman v. Cleveland* (1972), 30 Ohio St.2d 196, 198, 59 O.O.2d 196, 283 N.E.2d 175. Also, a heightened standard of pleading is required when a plaintiff brings a claim for fraud. Civ.R. 9(B) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

{¶ 25} In this case, we find that the allegations in the complaint involved statements made by appellees in connection with judicial proceedings that were reasonably related to litigation and cannot be used to support tort claims against the attorneys. In addition, we find that appellants' allegations are legal conclusions framed as factual allegations and their fraud claims were not pled with particularity. Finally, we agree with the trial court that this is an inappropriate application of the RICO Act and that appellants have failed to allege facts sufficient to support a RICO cause of action.

{¶ 26} Although the facts of this complaint permit a disposition under Civ.R. 12(B)(6), the more complete consideration afforded under Civ.R. 56 (summary judgment) would avoid problems that arise when it is difficult to distinguish "unsupported conclusions" from "facts" in a pleading. *Mitchell,* 40 Ohio St.3d at 192–193, 532 N.E.2d 753, fn. 3.

{¶ 27} Ultimately, appellants have failed to state a claim upon which relief can be granted. Accordingly, appellants' third and fifth assignments of error are overruled.

Judgment affirmed.

BLACKMON, J., concurs.

ROCCO, J., concurs in judgment only.

KENNETH A. ROCCO, Judge, concurring in judgment.

{¶ 28} Although I agree with the majority opinion's ultimate disposition of this appeal, I write separately because I disagree with the majority opinion's resolution of appellants' first, second, and fourth assignments of error. In my view, the trial court acted appropriately in granting appellees' motion to dismiss the complaint.

{¶ 29} This court has previously pointed out that in considering a motion filed pursuant to Civ.R. 12(B)(6), the court *cannot* treat it as a motion for summary judgment *unless* the matters outside the pleadings that are submitted are ones that are "specifically enumerated in [Civ.] Rule 56." *Thomas v. Golden Gate Shopping Ctr. Ltd.*, Cuyahoga App. No. 82863, 2003-Ohio-6925, 2003 WL 22976668, ¶ 8. Simply put, "a Civ.R. 12(B)(6) determination cannot rely on *factual allegations* or *evidence* outside the complaint." (Emphasis sic.) *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 26.

{¶ 30} It must be pointed out, however, that appellants in this case attached to their original complaint several documents as "exhibits," including copies of portions of deposition testimony, fee bills, letters, and e-mails, all of which either were filed in the "previous litigation" or directly related to those cases. These "exhibits," obviously, contained "factual allegations" and "evidence" but became part of the "pleading." It can be said, therefore, that appellants invited the "error" which they now challenge in this appeal.

{¶ 31} Appellees' attachments to their motion, on the other hand, did not present factual allegations or evidence. Court opinions are "public records," and thus do not "constitute a pleading, deposition, answer to interrogatories, written admission, affidavit, transcript of evidence, or written stipulation of fact." *Thomas*, 2003-Ohio-6925, 2003 WL 22976668. Since none of appellees' "evidence" supported a motion for summary judgment, the trial court "could not have properly rendered its decision based on Civ.R. 56 in this case." Id. at ¶ 9.

{¶ 32} The Supreme Court has held that a court may consider "appropriate matters" in determining whether a Civ.R. 12(B)(6) motion should be granted *without* converting it into a motion for summary judgment. *State ex rel.*

*Everhart v. McIntosh,* 115 Ohio St.3d 195, 2007-Ohio-4798, 874 N.E.2d 516, ¶ 10. Thus, "judicial notice" may be taken of "public court records available on the internet." Id.

{¶ 33} Appellants asserted in their complaint that the "conspiracy" was first "devised" by appellees in March 2002. However, appellants also asserted that Petticord and Barrett worked together in representing Saro's interest in the postdivorce proceedings.

{¶ 34} The trial court correctly pointed out that, on their face, appellants' claims against appellees were "based on the same underlying facts as those Dzina alleged against Saro in the *Avera* litigation, except that the instant Amended Complaint alleges that [appellees] and not Saro concocted the scheme to defraud him in April 2001."

{¶ 35} Since appellees were in privity with Saro, appellants' own pleading thus demonstrates that their causes of action against appellees for fraud, abuse of process, conspiracy, and civil RICO accrued in April 2001. The first three have a statute of limitations of four years, while a civil RICO claim has a statute of limitations of five years. R.C. 2923.34(K); *Cleveland Indus. Square v. Dzina,* Cuyahoga App. Nos. 85336, 85337, 85422, 85423, and 85441, 2006-Ohio-1095, 2006 WL 562146. Appellant filed his complaint in January 2007, which was outside these periods.

{¶ 36} For these reasons, I believe the trial court correctly dismissed the amended complaint pursuant to Civ.R. 12(B)(6) based upon the statutes of limitations and collateral estoppel. Therefore, I would overrule all of appellants' assignments of error in affirming the trial court's decision.