[Cite as *Deutsche Bank Natl. Trust Co. v. Rudolph*, 2012-Ohio-6141.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.    98383

# DEUTSCHE BANK NATIONAL TRUST COMPANY

PLAINTIFF-APPELLANT

vs.

# KAREN RUDOLPH, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No.    CV-775349

BEFORE:    Boyle, P.J., Jones, J., and Keough, J.

RELEASED AND JOURNALIZED:    December 27, 2012

**ATTORNEYS FOR APPELLANT**

Margaret E. Cunningham
Pamela S. Petas
Gerner & Kearns Co., LPA
215 West Ninth Street
Cincinnati, Ohio    45202


**ATTORNEY FOR APPELLEES**

**For Karen Rudolph**

Grace Doberdruk
Dann, Doberdruk & Wellen, LLC
4600 Prospect Avenue
Cleveland, Ohio    44103

**For Tidewater Finance Company**

Tidewater Finance Company
T/A Tidewater Motor Credit, etc.
6520 Indian River Road
Virginia Beach, Virginia    23464

**For Unknown Spouse of Karen Rudolph**

Unknown Spouse of Karen Rudolph
4628 Burleigh Road
Garfield Heights, Ohio    44125

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2006-2 ("Deutsche"), appeals from the trial court's decision granting the motion to dismiss filed by defendant-appellee, Karen Rudolph. Deutsche raises three assignments of error:

> [I.] The trial court erred in failing to treat the motion to dismiss the complaint as a motion for summary judgment.
>
> [II.] The trial court erred in dismissing the complaint with prejudice for lack of standing.
>
> [III.] The trial court erred in dismissing the complaint for lack of standing.

{¶2} For the reasons discussed below, we find that Deutsche satisfied its burden, stating a cognizable claim suitable for adjudication in the common pleas court. We, therefore, find merit to the appeal and reverse.

Procedural History and Facts

{¶3} In February 2012, Deutsche filed an "in rem complaint for foreclosure of a mortgage." In 2006, Rudolph executed a promissory note in favor of New Century Mortgage Corporation in the sum of $94,525, which was later modified by virtue of a loan modification, increasing the principal balance to $107,360.88. The promissory note was secured by a mortgage encumbering the property located at 4628 Burleigh Road in Garfield Heights, Ohio ("the mortgage").

{¶4} In its complaint, Deutsche alleged that it is the holder of both the promissory note and mortgage. According to the complaint, New Century assigned its rights in the mortgage and promissory note to Deutsche. In support of these allegations, Deutsche attached the following documents to its complaint: (1) promissory note with an allonge[1] attached identifying Deutsche as the holder of the promissory note, (2) loan modification agreement, (3) the mortgage, and (4) an assignment of the mortgage filed with the Cuyahoga County recorder's office.

{¶5} In its first count of the complaint, Deutsche alleged that Rudolph defaulted under the terms of the promissory note. As a result of said default, Deutsche alleged that Rudolph owes $107,360.88, plus interest, at the rate of 6.5 percent per annum from February 1, 2009, until the loan is fully repaid. Deutsche further acknowledged, however, that Rudolph filed a Chapter 7 bankruptcy, which was discharged on May 5, 2009, and therefore Rudolph is not personally liable on the note.

{¶6} In its second count of the complaint, Deutsche alleged that Rudolph's default under the note entitles it to foreclose on the mortgage and apply the proceeds of a sheriff's sale to the balance owed under the note.

{¶7} In response to Deutsche's complaint, Rudolph filed a motion to dismiss, arguing that (1) Rudolph's mortgage was not transferred to Deutsche "as required by the Indenture registered with the United States Securities and Exchange Commission,"

---

[1] An allonge is an addition to a document often attached on a separate piece of paper.

thereby rendering any conveyance "void"; and (2) Deutsche does not own Rudolph's note because the allonge was never affixed to the note.

{¶8}  In support of her first argument, Rudolph cited a web address with the Securities and Exchange Commission, containing the "Indenture" between New Century Home Equity Loan Trust 2006-2 (Issuing Entity), and Deutsche Bank National Trust Company (Indenture Trustee) — a 205-page document —  and asked the court to take judicial notice of it.  According to Rudolph, the Indenture reveals that Deutsche's "closing date" preceded the date of its acquisition of the mortgage, thereby rendering any transfer of the mortgage void.   We note that a trust indenture is defined as "a document containing the terms and conditions governing a trustee's conduct and the trust beneficiaries' rights."  *Black's Law Dictionary* 838 (9th Ed.2009).   According to Rudolph, the trust had a "specific closing date of June 26, 2006" and that any assignments after this date, such as the assignment of the mortgage at issue in 2009, contravenes the terms of the Indenture or Pool and Servicing Agreement ("PSA"), and is therefore "void" under New York law.[2]

{¶9}  As for her second argument, Rudolph contended that "the note has two hole punch marks on it, but the allonge which purports to indorse the note to the trust does not have any hole punch marks."  Without citing any legal authority in support, Rudolph argued that due to the absence of the hole punch marks, "the allonge was never attached

---

[2]   Although Rudolph claimed that the transfer also violated the PSA, Rudolph did not offer the PSA as evidence nor does the website referenced contain a copy of the PSA.

to the original note and was not affixed in accordance with R.C. 1303.24." Rudolph further argued that if Deutsche is not the holder of the note, there is no justiciable controversy between the parties, and the trial court lacked subject matter jurisdiction.

{¶10} On April 4, 2012 — one week following Rudolph's filing of the motion to dismiss — Deutsche filed a motion for an order treating the motion to dismiss as a motion for summary judgment and for extension of time to respond. The trial court denied the motion on April 8, 2012, stating that Deutsche had until April 9 to file a response. Meeting the court's deadline, Deutsche opposed the motion, raising several arguments as to why dismissal was improper, including that the complaint states a claim upon which relief can be granted.

{¶11} The trial court subsequently granted Rudolph's motion to dismiss, stating that the case was "DWP" and that "the court retains jurisdiction over all postjudgment motions." Deutsche then filed a request for findings of fact and conclusions of law, which was never ruled upon by the trial court prior to Deutsche filing its notice of appeal.[3]

{¶12} On appeal, this court remanded the case to the trial court to clarify whether the case was dismissed with or without prejudice. Following our remand, the trial court entered the following judgment order:

---

[3] Once a final order has been appealed, it is well settled that any motion that was not expressly ruled upon is considered denied. *See CitiMortgage, Inc. v. Hoge*, 196 Ohio App.3d 40, 2011-Ohio-3839, 962 N.E.2d 327, ¶ 9 (8th Dist.).

In response to Plaintiff's request to clarify, the docket already clearly states that the case is dismissed w/prejudice; when a case is dismissed without prejudice, the docket states, dismissed w/o prejudice; additionally the court notes that it made a substantive ruling on the motion to dismiss and could not grant the motion and then dismiss the case on the arguments without prejudice and retained jurisdiction over all post-judgment motions which refers to post dismissal with prejudice.

{¶13} Given that the dismissal is one with prejudice, the judgment is a final appealable order and ripe for our review.

{¶14} For ease of discussion, we will address Deutsche's assignments of error out of order.

## Motion to Dismiss

{¶15} In its third assignment of error, Deutsche argues that the trial court erred in granting Rudolph's motion to dismiss because it sufficiently demonstrated that it has standing to bring the foreclosure action.   We agree.

*A.   Standing*

{¶16} "Standing determines 'whether a litigant is entitled to have a court determine the merits of the issues presented.'   Whether a party has established standing to bring an action before the court is a question of law, which we review de novo." (Citations omitted.)   *Moore v. Middletown, Ohio,* 133 Ohio St.3d 55, 2012-Ohio-3897, 975 N.E.2d 977, ¶ 20.

To succeed in establishing standing, plaintiffs must show that they suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct,   and (3) likely to be redressed by the requested relief.   These three factors — injury, causation, and redressability — constitute "the irreducible constitutional minimum of standing."

(Citations omitted.)   *Id*. at ¶ 22.

**{¶17}** In foreclosure cases, the plaintiff must establish it has an interest in the note or mortgage at the time it filed suit to demonstrate standing to invoke the jurisdiction of the common pleas court.   *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* Slip Opinion No. 2012-Ohio-5017*,* ¶ 27-28.   Lack of standing cannot be cured after the complaint is filed.   *Id.*   The plaintiff, however, need not be the original holder of the note or mortgage; instead, it must be the current holder at the time of filing the complaint to establish that it is the real party in interest to bring the action.   *See Washington Mut. Bank, F.A. v. Green*, 156 Ohio App.3d 461, 2004-Ohio-1555, 806 N.E.2d 604 (7th Dist.).

**{¶18}** "A motion to dismiss for lack of standing is treated as a motion to dismiss pursuant to Civ.R. 12.   Specifically, a lack of standing may properly be raised in a motion to dismiss premised on Civ.R. 12(B)(6)."   (Citations omitted.)   *Revocable Living Trust of Mandel v. Lake Erie Utils. Co.*, 8th Dist. No. 97859, 2012-Ohio-5718, ¶ 11.   It is not properly raised under Civ.R. 12(B)(1).[4]   *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, ¶ 22.   Instead, the issue of standing can be properly raised under a Civ.R. 12(B)(6) motion.   *Id.*

**{¶19}** We, therefore, limit our discussion to whether the trial court properly granted Rudolph's motion to dismiss under Civ.R. 12(B)(6).

---

[4]   Unlike Civ.R. 12(B)(6), which prohibits the court from considering evidence outside of the pleadings without converting the motion to one for summary judgment, Civ.R. 12(B)(1) allows a court to consider any pertinent evidentiary materials outside of the pleadings when determining its own subject matter jurisdiction. *See Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211, 358 N.E.2d 526 (1976), paragraph one of the syllabus.

*B. Civ.R. 12(B)(6) Standard of Review*

**{¶20}** We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. But "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

**{¶21}** Applying a de novo standard of review, we turn to the critical issue on appeal — whether Deutsche's complaint stated a claim for which relief can be granted.

*C. Allegations of the Complaint*

**{¶22}** In this case, Deutsche pled that it is the holder of the promissory note and mortgage. Deutsche further attached to the complaint supporting documents, i.e., (1) the promissory note with an allonge, and (2) an assignment of the mortgage. The complaint and accompanying documents demonstrate that Century Mortgage Corporation assigned the mortgage to Deutsche on April 23, 2009, approximately three years prior to Deutsche's filing of the foreclosure action. Deutsche further alleged that Rudolph

defaulted under the terms of the promissory note secured by the mortgage that it holds. Thus, taking these factual allegations as true as we are required to, coupled with the supporting documents attached to the complaint, we find that Deutsche properly demonstrated that it is the real party in interest and sufficiently pled the elements for a foreclosure action. *See Wells Fargo Bank, N.A. v. Stovall*, 8th Dist. No. 91803, 2010-Ohio-236; *Chase Home Fin., LLC v. Yost*, 6th Dist. No. E-12-004, 2012-Ohio-5322.

**{¶23}** To reach a contrary decision, the trial court must *not* have construed Deutsche's factual allegations as true and must have considered matters outside of the record — both of which are expressly prohibited in considering a motion to dismiss under Civ.R. 12(B)(6). Indeed, a motion to dismiss for failure to state a claim upon which relief can be granted is procedural and solely tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). Here, Deutsche's complaint was sufficient to withstand such a motion.

D. *Rudolph's Arguments Raised in Support of Motion*

**{¶24}** We further note that the two arguments raised by Rudolph in support of her motion to dismiss lacked merit for purposes of dismissing the complaint with prejudice. First, to the extent that Rudolph sought to establish that Deutsche was not the holder of the mortgage on the grounds that the transfer occurred in violation of a PSA or the Indenture Agreement, Rudolph has no standing to raise such an argument. *See Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. No. 97315, 2012-Ohio-1950, ¶ 35, citing

*Bridge v. Aames Capital Corp.*, Case No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154 (N.D.Ohio 2010).

**{¶25}** In *Unger*, this court rejected the very argument that Rudolph asserted in her motion to dismiss, recognizing that an assignment does not alter the mortgagor/debtor's obligations under the note or mortgage and that the foreclosure complaint is based on the mortgagor's default under the note and mortgage — not because of the mortgage assignment. *Id.* at ¶ 35. Accordingly, following federal precedent, the *Unger* court recognized that when a mortgagor, such as Rudolph, is not a party to the transfer agreement, and her contractual obligations under the mortgage are not affected in any way by the assignment, the mortgagor lacks standing to challenge the validity of the assignment. *Id.* at ¶ 33-35.

**{¶26}** Accordingly, under *Unger*, Rudolph has no standing to challenge the validity of the assignment of the mortgage to Deutsche, despite her broad claim that Deutsche failed to comply with the PSA or its own Indenture Agreement.[5]

**{¶27}** Similarly, Rudolph's claim that the allonge was never affixed to the promissory note, thereby negating Deutsche's status as holder of the note, could not be decided by virtue of a motion to dismiss. Indeed, Deutsche properly pled that it is the holder of the note. Taking this allegation as true, coupled with the fact that the allonge identifies Deutsche as the holder of the note, Rudolph's arguments attacking the allonge

---

[5] Based on our analysis above, we note that, even if the trial court was permitted to consider the evidentiary materials cited in Rudolph's motion to dismiss under Civ.R. 12(B)(1), her arguments failed to demonstrate that Deutsche lacked standing, and any dismissal was therefore improper.

are insufficient to warrant dismissal under Civ.R. 12(B)(6). *See State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, 528 N.E.2d 1253 (1988) (a trial court cannot assume the role of fact finder when considering a Civ.R. 12(B)(6) motion to dismiss).

{¶28} We further note that Rudolph cites no authority that the absence of the hole punch marks on the allonge deems it not affixed for purposes of R.C. 1303.24(A)(2). Nor do we find any authority. Thus, even if this argument was properly raised in a motion for summary judgment, we question whether it carries any merit. Indeed, the promissory note may have had hole punch marks prior to the execution of the allonge.

{¶29} Thus, having found that Deutsche sufficiently pled a claim entitling it to relief, we agree that the trial court erroneously granted Rudolph's motion to dismiss. Accordingly, we sustain the third assignment of error.

### Matters Outside the Record

{¶30} In its first assignment of error, Deutsche argues that the trial court erred in considering matters outside the record without first converting the motion to dismiss into a motion for summary judgment and giving Deutsche adequate time to respond. Rudolph counters that the trial court could take judicial notice of the Indenture Trust Agreement that she referenced in her motion to dismiss, and therefore did not need to convert the motion to dismiss into a motion for summary judgment.

{¶31} Evid.R. 201 governs judicial notice of adjudicative facts.

> A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the

trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Evid.R. 201(B).

{¶32} We fail to see how the contents of the 205-page Indenture Agreement contained on the Securities Exchange Commission's website falls within the realm of Evid.R. 201. Indeed, Evid.R. 201(A) expressly limits the scope of judicial notice to "adjudicative facts"; i.e., the facts of the case. Here, Rudolph seeks to establish through the 205-page document listed on the SEC's website that there is an Indenture Trust Agreement and that the closing date of the trust preceded the transfer date of the assignment to Deutsche. Rudolph's link to the SEC's website, however, fails to set forth this fact without further inquiry. In *Rude v. NUCO Edn. Corp.,* 9th Dist. No. 25549, 2011-Ohio-6789, ¶ 16, the court held that it could not take judicial notice of facts posted on a website because it "did not supply the information in a manner that allows for judicial notice of a discrete fact without further inquiry."

{¶33} The sole case that Rudolph cites for the proposition that the trial court could take judicial notice under Evid.R. 201 of the Indenture Agreement does not support such a statement. Instead, the case discusses Fed.R.Evid. 902(B), dealing with evidence that is self-authenticating. *See Sannes v. Jeff Wyler Chevrolet, Inc.*, S.D.Ohio No. C-1-97-930, 1999 U.S. Dist. LEXIS 21748, at *3 n.3 (Mar. 31, 1999).

{¶34} But even assuming the Indenture Trust Agreement and its contents were subject to judicial notice, the trial court still erred in not converting the motion to dismiss into a motion for summary judgment and allowing Deutsche additional time to respond.

As this court has previously recognized, "the taking of judicial notice involves consideration of evidence outside the complaint." *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 17 (8th Dist.). Thus, before a trial court can take judicial notice of a fact, it is required to notify all the parties at least 14 days prior to the time of hearing that it is converting a defendant's motion to dismiss for failure to state a claim into a motion for summary judgment. *Id.*, citing *Petrey v. Simon*, 4 Ohio St.3d 154, 447 N.E.2d 1285 (1983).

{¶35} Here, the trial court refused to give Deutsche additional time to respond to Rudolph's motion to dismiss, despite the fact that the motion was premised on the trial court taking judicial notice of matters outside of the record. Accordingly, the first assignment of error is sustained.

<u>Lack of Standing Requires Dismissal Without Prejudice</u>

{¶36} In its second assignment of error, Deutsche argues that, even if it did not have standing to bring the foreclosure action, the trial court was required to dismiss the action without prejudice. We agree. The Ohio Supreme Court recently reaffirmed this principle in *Schwartzwald*, Slip Opinion No. 2012-Ohio-5017, noting the following: "The lack of standing at the commencement of a foreclosure action requires dismissal of the complaint; however, that dismissal is not an adjudication on the merits and is therefore without prejudice." *Id.* at ¶ 40, citing *State ex rel. Coles v. Granville*, 116 Ohio St.3d 231, 2007-Ohio-6057, 877 N.E.2d 968, ¶ 51.

{¶37} The second assignment of error is sustained.

**{¶38}** Having sustained all three assignments of error, we reverse the judgment of the trial court and remand for further proceedings.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR