[Cite as *Rodgers v. Genesis Heathcare System, Inc.*, 2016-Ohio-721.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| CYNTHIA RODGERS | : | Hon. Sheila G. Farmer, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. CT2015-0030 |
| GENESIS HEATHCARE SYSTEM, | : | |
| INC., ET AL | : | |
| | : | O P I N I O N |
| Defendants-Appellees | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CA2015-0063

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     February 24, 2016

APPEARANCES:

For Plaintiff-Appellant                 For Purdue Pharma

CYNTHIA RODGERS PRO SE                  DANIEL BUCKLEY
605 Cass Street                         Vorys Sater Seymour and Pease
Dresdon, OH  43821                      301 East 4th St., Ste. 3500
                                        Columbus, OH 43216

For: Genesis Healthcare System          For: Genesis Healthcare System
MICHAEL J. MICHELI                      ROBERT B. GRAZIANO
3808 James Court, Ste. #2               Fisher Broyles
Zanesville, OH 43701                    Box 516
                                        Columbus, OH 43216

For: Radiology Associates
GREGORY RANKIN
MONICA WALLER
Two Miranova Place, Ste. 500
Columbus, OH 43215-7052

*Gwin, J.,*

{¶1}    Appellant appeals the April 27, 2015 judgment entries of the Muskingum County Court of Common Pleas granting appellees' motions to dismiss.

*Facts & Procedural History*

{¶2}    Appellant Cynthia Rodgers was in a car accident on July 22, 2010. She alleges that on July 23, 2010, she was evaluated and received treatment at appellee Genesis Healthcare System's ("Genesis") emergency room facility. On November 5, 2013, appellant filed a complaint against Genesis and John Doe's alleging medical malpractice relating to her July 23, 2010 emergency room visit. The complaint was dismissed by the trial court on February 12, 2014 after Genesis filed a motion to dismiss based upon the lack of affidavit of merit.

{¶3}    Appellant re-filed her complaint on February 12, 2015. In Count 1, appellant alleges negligence against Genesis for failure to diagnose and treat. Appellant states she mailed a 180-day letter to Genesis on May 9, 2013 after discovery of undiagnosed injuries and shoulder surgery on August 16, 2012. Appellant contends Genesis failed to recognize the severity of her injuries and failed to treat her on July 23, 2010. Appellant states she received a second opinion from Ohio State doctors on June 9, 2012.

{¶4}    Appellant alleges that Genesis:  failed to read radiology reports correctly, failed to order a CT scan and MRI, failed to provide care, failed to refer her to a specialist, failed to perform the correct or necessary medical tests, failed to inform her of available treatment options, failed to diagnose her, failed to follow Purdue Pharma manufacturer's recommendation for Dilaudid, and failed to maintain adequate records with regards to radiology reports. Also in her first count, appellant alleges Radiology Associates failed to

interpret an x-ray correctly and that she received a second opinion on June 9, 2012. Appellant further alleges in her negligence count that Purdue Pharma failed to warn her and the other defendants of the side effects of the pain medication Diluadid.

{¶5} Also included in appellant's complaint are counts for fraud, fraudulent concealment, negligent understaffing, and failure to transfer against Genesis. With regards to the fraud and fraudulent concealment counts, appellant alleges Genesis altered records and could not meet healthcare standards.

{¶6} On March 16, 2015, the Genesis appellees filed a motion to dismiss, arguing that appellant failed to file an affidavit of merit as required by Civil Rule 10(D) (2). The Purdue Pharma appellees filed a motion to dismiss on April 6, 2015 for failure to state a claim. Purdue Pharma contends appellant missed the statute of limitations and common law product liability claims are abrogated by the Ohio Products Liability Act. The Radiology Associates appellees filed their motion to dismiss on April 10, 2015 and argued the complaint against them should be dismissed for the failure to file an affidavit of merit and because the claim is barred by the statute of limitations. Appellant did not respond to any of the motions to dismiss.

{¶7} The trial court granted all three of the motions to dismiss on April 27, 2015. Appellant appeals the April 27, 2015 judgment entries of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶8} "I. WHETHER THE TRIAL COURT ERRED BY NOT APPLYING THE O.R.C. 2305.19(A) SAVING STATUTE OF LIMITATIONS FOR SOME OR ALL OF THE DEFENDANTS.

{¶9} "II. WHETHER RODGERS' CLAIM OF FRAUD; FRAUDULENT CONCEALMENT AND PRODUCT LIABILITY FOR FAILING TO COMPLY WITH 21 CFR 201.56 AND 21 CFR 314.80(k) ARE GENERAL TORTS THAT DO NOT REQUIRE AN AFFIDAVIT OF FACT AND HAVE A LONGER STATUTE OF LIMITATIONS OF UP TO TEN YEARS FROM THE TIME OF DISCOVERY THAT THE CONSTANT RINGING IN THE EARS IS FROM THE TOXIC AFFECTS OF BEING PRESCRIBED MORE THAN TWICE THE APPROPRIATE LEVELS OF THE CHEMICAL KNOWN AS DILAUDID.

{¶10} "III. WHETHER THE CASE SHOULD HAVE BEEN DISMISSED FOR FAILURE OF THE PLAINTIFF TO ATTACH AN "AFFIDAVIT OF MERIT" AS CIVIL RULE 10(D)(2)(A) DOES NOT ALWAYS APPLY JUST BECAUSE A DOCTOR IS INVOLVED.

{¶11} "IV. WHETHER THE COURT ERRED BY DISMISSING SOME CLAIMS FOR FAILING TO ATTACH AN "AFFIDAVIT OF MERIT" IS PROPER WHEN SOME OHIO COUNTIES AND OTHER STATES ALLOW THE PLAINTIFF TO PROVIDE IT WITHIN 120 DAYS.

{¶12} "V. WHETHER DISMISSING A CASE FOR FAILING TO ATTACH AN "AFFIDAVIT OF MERIT" IS PROPER WHEN THE PARTICULAR CLAIM DOES NOT REQUIRE AN AFFIDAVIT OF MERIT.

{¶13} "VI. WHETHER THE COURT ERRED BY DISMISSING THIS CASE AGAINST PURDUE PHARMA AND RADIOLOGY ASSOCIATES WHEN PLAINTIFF CAN SUBSTITUTE THOSE DEFENDANTS FOR THE JOHN DOE(S) IN THE REFILED CASE.

{¶14} "VII. WHETHER THE COURT ERRED BY DISMISSING BEFORE DISCOVERY WHEN THERE WERE FACTS TO BE OBTAINED REGARDING

EVIDENCE THAT THE DILAUDID LABELS WERE NOT IN COMPLIANCE WITH THE FDA'S PHYSICIAN LABELING RULE RESULTING IN TOXIC LEVELS OF THE CHEMICAL DILAUDID TO BE GIVEN TO RODGERS.

{¶15} "VIII. WHETHER THE COURT ERRED IN NOT FINDING THAT THE REFILED COMPLAINT STATES A CLAIM AGAINST PURDUE PHARMA LP SINCE BOTH THE COMPLAINTS MENTION DILAUDID AND PROBLEMS RELATED TO THE WARNING LABEL.

{¶16} "IX. WHETHER THE TRIAL COURT ERRED IN NOT FINDING THAT THE REFILED COMPLAINT STATES A "FAILURE TO WARN CLAIM" SINCE THE COMPLAINT MENTIONS DILAUDID AND ITS WARNING TO PHYSICIANS AND IT IS EVIDENCE PURDUE PHARMA FAILED TO WARN OF THE PROPER STARTING DOSAGE UNTIL 2011, RESULTING IN RODGERS RECEIVING AN OVERDOSE OF DILAUDID ON OR ABOUT AUGUST 9, 2010.

{¶17} "X. WHETHER THE TRIAL COURT ERRED IN CONSIDERING THE "MOTION TO DISMISS" FILED BY DEFENDANTS GENESIS HEALTHCARE SYSTEMS INC. FILED MARCH 13, 2015 WHICH SHOULD HAVE BEEN STRICKEN SINCE THERE IS NO "CERTIFICATE OF SERVICE" CERTIFYING THAT THE MOTION WAS SERVED ON DANIEL BUCKLEY, ESQ. OR J.B. LIND, ESQ. AS COUNSEL FOR PURDUE PHARMA LP WHO HAD FILED THEIR NOTICE OF APPEARANCE ON MARCH 11, 2015 WHICH IS APPROPRIATE PER RULE 5(A) OR RULE 5(B) OF THE OHIO RULES OF CIVIL PROCEDURE OR LOCAL RULE 3(I) AND THEREFORE SHOULD NOT HAVE BEEN CONSIDERED BY THE COURT.

{¶18} "XI. WHETHER THE COURT ERRED IN APPLYING R.C. 2305.10(C)(2) SINCE PURDUE HAS ENGAGED IN FRAUD IN REGARDS TO NOT ACTING QUICKLY ENOUGH TO CHANGE RECOMMENDED DOSAGE INFORMATION AS DILAUDID'S CURRENT RECOMMENDED DOSE IS 1/5 OF THE 2010 RECOMMENDED DOSAGE DUE TO TOXIC AFFECT ON PEOPLE, AND SINCE THIS FRAUD HAS CONTRIBUTED TO THE HARM THAT IS ALLEGED IN THE PRODUCT LIABILITY CLAIM INVOLVING DILAUDID IN THE COMPLAINT AT PARAGRAPHS 22 AND 26."

*Standard of Review*

{¶19} The trial court granted appellees' motions to dismiss appellant's complaint. Our standard of review on a Civil Rule 12(B)(6) motion to dismiss is de novo. *Autumn Care Ctr., Inc. v. Todd*, 5th Dist. Licking No. 14-CA-41, 2014-Ohio-5235, citing *Greeley v. Miami Valley Maintenance Contractors, Inc.*, 49 Ohio St.3d 228, 551 N.E.2d 981 (1990). A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commissioners*, 65 Ohio St.3d 545, 605 N.E.2d 378 (1992). "In construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Walker v. City of Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474.

I. Genesis

{¶20} Appellant first argues the trial court erred by not applying R.C. 2305.19(A), the savings statute, to her claims against Genesis.

{¶21} Appellant failed to raise the issue of the application of the savings statute at the trial court level by not responding to Genesis' motions to dismiss. Accordingly, she cannot raise this issue for the first time on appeal. *Schade v. Carnegie Body Co.*, 79 Ohio St.2d 207, 436 N.E.2d 1001 (1982). However, even if this Court were to consider appellant's argument, we would still find the trial court did not err in failing to apply the savings statute to the claims against Genesis.

{¶22} There was no argument in Genesis' motion to dismiss that the complaint against it should be dismissed based upon the statute of limitations. Rather, Genesis argued appellant's complaint should be dismissed due to the failure to file a Civil Rule 10(D)(2) affidavit of merit. Appellant's first assignment of error is overruled as to Genesis.

II., III. IV., V., X. - Genesis

{¶23} In her second, third, fourth, and fifth assignments of error, appellant contends the trial court erred in dismissing her claims against Genesis for failing to provide a Civil Rule 10(D)(2) affidavit of merit. Appellant argues that: an affidavit of merit is not always required when a doctor is involved; other states such as Texas allow longer periods of time to file affidavits of merit; and an affidavit of merit is not required for her fraud and fraudulent concealment actions against Genesis. In her tenth assignment of error, appellant contends the trial court erred in dismissing her claims against Genesis because the attorney for Purdue Pharma did not receive a copy of Genesis' motion to dismiss.

{¶24} We first note that appellant failed to respond to Genesis' motion to dismiss for failure to attach a Civil Rule 10(D)(2) affidavit of merit. It is well-established that a party cannot raise any new issues or legal theories for the first time on appeal. *Schade*

*v. Carnegie Body Co.*, 79 Ohio St.2d 207, 436 N.E.2d 1001 (1982).  A failure to raise this issue before the trial court operates as a waiver of appellant's right to assert such for the first time on appeal.  *Hadley v. Figley*, 5th Dist. Ashland No. 15-COA-001, 2015-Ohio-4600.

**{¶25}** However, even if this Court were to consider appellant's argument, we would still find the trial court did not err in dismissing the claims against Genesis. Pursuant to Civil Rule 10(D)(2), an affidavit of merit is required to establish the adequacy of a medical complaint, and the failure to file an affidavit of merit renders a complaint subject to dismissal for failure to state a claim upon which relief can be granted.  *Erwin v. Bryan*, 125 Ohio St.3d 510, 2010-Ohio-2202, 929 N.E.2d 1019.  Civil Rule 10(D)(2) states that a "complaint that contains a medical claim * * * as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability."

**{¶26}** Appellant argues her fraud and fraudulent concealment claims are exempt from the Civil Rule 10(D)(2) affidavit of merit requirement.   A "medical claim" is defined broadly as "any claim that is asserted in any civil action against a physician, hospital * * *" and arises from the "medical diagnosis, care, treatment of any person" or "results from the acts or omissions in providing medical care."  R.C. 2305.113(E)(3).  In some cases, a fraud claim may exist independent of a medical claim.  *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709 (1987).  However, such fraud claims are only independent "when the decision to misstate facts cannot be characterized as medical in nature," despite the label of the cause of action. *Hensley v. Durrani*, 1st Dist. Hamilton No. C-130005, 2013-Ohio-4711.

{¶27} With regards to Genesis, appellant alleges in her fraud and fraudulent concealment counts that Genesis altered her medical records and the records failed to show her being provided certain medications. A claim against Genesis that appellant's medical records were not accurate or as to their proper maintenance are claims asserted in a civil action against a physician or hospital and arise from the medical diagnosis, care, or treatment of appellant and/or results from the acts or omissions of Genesis in providing medical care. Accordingly, appellant's allegations fall within the definition of "medical claim" and thus an affidavit of merit is required pursuant to Civil Rule 10(D)(2). Appellant failed to file an affidavit of merit with her complaint against Genesis.

{¶28} Further, the balance of the claims against Genesis go squarely to appellant's diagnosis, care, and treatment or the acts or omissions of Genesis as they allege negligent failure to diagnose and treat, negligent understaffing, and the failure to transfer. Appellant did not attach an affidavit of merit to her complaint. Thus, her complaint failed to comply with Civil Rule 10(D)(2) and was subject to dismissal.

{¶29} Appellant contends she should have had been given more time to file her affidavit of merit and cites to a Texas statute in support of her argument. We find appellant's argument regarding Texas law unpersuasive and not binding upon this Court. Further, there is a procedure in Civil Rule 10(D)(2)(b) through which appellant could have filed a motion, with the complaint, demonstrating good cause to extend the time to file the affidavit of merit for up to ninety days. Civil Rule 10(D)(2)(b). In this case, appellant filed her complaint on February 12, 2015. The docket does not reflect appellant filing a motion to extend the time for filing the affidavit of merit with the complaint. Accordingly, the complaint is subject to dismissal.

{¶30} With regards to appellant's argument on Genesis' motion to dismiss, the certificate of service on Genesis' motion to dismiss indicates that Genesis served Purdue Pharma at the address listed on the complaint. The motion to dismiss by Genesis was filed on March 16, 2015 with the clerk of courts, but was mailed on March 13, 2015 to the other parties in the case. The notice of appearance of Purdue Pharma's counsel was not filed until March 12, 2015 and mailed to the other parties on March 11, 2015. Further, the motion to dismiss by Genesis was filed with regards to appellant's claims only and did not involve the claims against Purdue Pharma.

{¶31} Based upon the foregoing, we overrule appellant's second, third, fourth, fifth, and tenth assignments of error as to Genesis and find the trial court did not err in dismissing appellant's complaint against Genesis.

I., II., VI., VIII. – Purdue Pharma

{¶32} In her first, second, sixth, and eighth assignments of error, appellant argues the trial court erred in dismissing the claims against Purdue Pharma as being time-barred. We disagree.

{¶33} Appellant failed to raise the issues she advances against Purdue Pharma at the trial court level by not responding to Purdue Pharma's motion to dismiss. Thus, she cannot raise these issues for the first time on appeal. *Schade v. Carnegie Body Co.*, 79 Ohio St.2d 207, 436 N.E.2d 1001 (1982). However, even if this Court were to consider appellant's arguments as to Purdue Pharma, we would still find the trial court did not err in dismissing her claims against Purdue Pharma.

{¶34} In this case, appellant alleges Genesis failed to follow Purdue Pharma's recommendation for the pain medication Dilaudid and Purdue Pharma failed to warn her

and the other defendants of Dilaudid's potential side effects. Appellant is thus seeking damages caused by an allegedly defective product and/or failure to warn. R.C. 2305.10 provides that an action based on a product liability claim and an action for bodily injury "shall be brought within two years after the cause of action accrues." Further, "a cause of action accrues under this division when the injury or loss to person or property occurs." R.C. 2305.10(A).

{¶35} It is unclear from the complaint exactly what date appellant alleges she utilized the Dilaudid. However, construing the facts most favorably to appellant, the latest date from the allegations in the complaint that the Dilaudid could have been administered was on August 16, 2012 when appellant had rotator cuff surgery. Appellant did not file her action against Purdue Pharma until February 12, 2015. Accordingly, her claims are barred by the applicable statute of limitations.

{¶36} Appellant contends she can substitute Purdue Pharma for the John Doe she asserted a claim against in her first complaint and thus her claims against Purdue Pharma were timely and within the two-year statute of limitations. Civil Rule 15(D) provides that when a plaintiff does not know the name of a defendant, the defendant may be designated in a complaint by any name and description. It also provides, however, that a plaintiff must aver in the complaint that the name of the defendant could not be discovered, that a summons be issued containing the words "name unknown," and that a copy of the summons be personally served on the defendant. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202, 929 N.E.2d 1019. However, Civil Rule 15(D) "does not authorize a claimant to designate defendants using fictitious names as placeholders in a

complaint filed within the statute-of-limitations period and then identify, name, and personally serve those defendants after the limitations period has elapsed." *Id.*

**{¶37}** Here, appellant's original complaint does not satisfy the requirements of Civil Rule 15(D). It did not provide a description to sufficiently identify Purdue Pharma so personal service could be obtained upon the filing of the complaint. Appellant therefore did not identify an entity that could be personally served with the summons as contemplated by Civil Rule 15(D). Accordingly, because appellant failed to comply with Civil Rule 15(D), the February 12, 2015 complaint does not relate back to the timely filed complaint with regards to Purdue Pharma and therefore she did not commence her action before the statute of limitations expired.

**{¶38}** Appellant also argues she can utilize the savings statute to prevent her claims against Purdue Pharma from being dismissed as untimely. While R.C. 2305.19 permits a plaintiff to commence a new action within one year after a plaintiff's failure otherwise than upon the merits, the savings statute does not apply if the parties and relief sought in the new action are different from those in the original action. *Children's Hospital v. Ohio Dept. of Public Welfare*, 69 Ohio St.2d 523, 433 N.E.2d 187 (1982). "There is no authority to subject a party in whose favor the statute of limitations has run to liability in a second lawsuit after dismissing an earlier lawsuit in which that party was neither originally named as a party defendant nor made so by amendment." *Kruzer v. City of Cleveland*, 8th Dist. Cuyahoga No. 97168, 2012-Ohio-1197.

**{¶39}** Appellant failed to name Purdue Pharma in the 2013 complaint, failed to serve Purdue Pharma with the 2013 complaint, and failed to amend the 2013 complaint to add Purdue Pharma as a defendant. Accordingly, the savings statute is inapplicable

to appellant's claims against Purdue Pharma.  Appellant's assignments of error one, two, six and eight with regards to Purdue Pharma are overruled.

VII., VIII., IX., XI. – Purdue Pharma

{¶40}  Appellant argues in her remaining assignments of error with regards to Purdue Pharma that the trial court erred in dismissing her complaint for the failure to state a claim.  We disagree.

{¶41}  R.C. 2307.71 provides that "Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action."  In this case, appellant seeks damages from injuries caused by purportedly defective Dilaudid or the inadequate warning on Dilaudid.  These claims falls within the definition of product liability in R.C. 2307.71(A)(13) defining a product liability claim as a claim or cause of action asserted in a civil action * * * and that seeks to recover compensatory damages from a manufacturer or supplier for * * * physical injury to person, emotion distress * * * that allegedly arose from: the design, formulation, production * * * or marketing of the product; any warning or instruction, or lack of warning or instruction, associated with that product; and any failure of that product to conform to any relevant representation or warranty.

{¶42}  The Ohio General Assembly has codified products liability law in R.C. 2307.71, et seq, thereby abrogating common law product liability claims.  Accordingly, a plaintiff must set forth a products liability claim in accordance with statutory requirements.  A review of appellant's complaint does not show compliance with the Ohio Products Liability Act, let alone reference the statute.  Accordingly, appellant's complaint fails to state a claim upon which relief can be granted against Purdue Pharma.  Appellant's

seventh, eighth, ninth, and eleventh assignments of error as to Purdue Pharma are overruled.

IV. and V. – Radiology Associates

{¶43} Appellant failed to raise her arguments as to Radiology Associates at the trial court level by failing to respond to Radiology Associates' motion to dismiss. Accordingly, she cannot raise this issue for the first time on appeal. *Schade v. Carnegie Body Co.*, 79 Ohio St.2d 207, 436 N.E.2d 1001 (1982). However, even if this Court were to consider appellant's arguments with regards to Radiology Associates, we would still find the trial court did not err in dismissing appellant's claims against Radiology Associates.

{¶44} Appellant argues the trial court erred in dismissing her claims against Radiology Associates for the failure to file an affidavit of merit. As discussed above, an affidavit of merit must be filed with the complaint of a "medical claim" pursuant to Civil Rule 10(D) and a "medical claim" includes any claim asserted against any physician, hospital, or employee, * * * arising from a medical diagnosis or treatment.

{¶45} In this case, appellant alleged that Radiology Associates did not interpret her x-ray promptly or correctly. This claim is a "medical claim," arising from the diagnosis, care, or treatment of appellant and any alleged omissions are medical in nature. Accordingly, an affidavit of merit was required. Appellant did not file an affidavit of merit with regards to Radiology Associates with her complaint, nor did she request an extension to file such affidavit in accordance with Civil Rule 10(D)(2)(b). Accordingly, the trial court did not err in dismissing appellant's complaint. Appellant's fourth and fifth assignments of error with regard to Radiology Associates are overruled.

I., VI. – Radiology Associates

{¶46} Appellant contends the trial court erred in granting Radiology Associates' motion to dismiss based upon the statute of limitations.  We disagree.

{¶47} Pursuant to R.C. 2305.113(A), "an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."  A cause of action accrues upon the later of either: (a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship terminates for that condition.  *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987).  The statute of limitations can be extended 180 days if the patient sends the defendant a letter indicating the patient is considering bringing an action against the defendant.  R.C. 2305.113(B)(1).

{¶48} In this case, appellant alleges in her complaint that Radiology Associates did not properly or promptly interpret a cervical spine x-ray on July 23, 2010.  Thus, the physician-patient relationship terminated on that date as she does not allege any continuing relationship.  Further, from the facts alleged in the complaint, appellant discovered the injury or omission when a comparison study done at the Ohio State University on June 9, 2012 allegedly showed a reversal of the cervical spine curvature.  Accordingly, she discovered the injury on June 9, 2012 and appellant had one year from that date to file her claim or file a 180-day letter to extend the statute.

{¶49} Appellant did not file her complaint against Radiology Associates until February of 2015 as she did not allege any claims against Radiology Associates in her 2013 complaint.  Appellant alleges in her 2015 complaint that she sent the "defendants" 180-day letters in May of 2013.  However, even if appellant had issued Radiology

Associates a 180-day letter by June 9, 2013, her statute of limitations would have expired, at the latest, on December 9, 2013.  Appellant did not file her complaint against Radiology Associates until February of 2015.  Accordingly, her complaint is barred by the statute of limitations.

{¶50} Appellant further argues her claims against Radiology Associates were preserved by including a "John Doe" in her original complaint.  However, appellant's original complaint does not satisfy the requirements of Civil Rule 15(D) with regards to Radiology Associates.  Her original complaint did not provide a description of "John Doe" and did not aver that appellant could not discover the name of "John Doe."  There is no reference to "John Doe" in the body of the original complaint.  Thus, appellant's original complaint did not provide a description that sufficiently identified Radiology Associates so personal service could be obtained upon the filing of the complaint.  Appellant therefore did not identify an entity that could be personally served with the summons as contemplated by Civil Rule 15(D).  Because appellant filed to comply with Civil Rule 15(D), appellant's inclusion of "John Doe" in the caption of the first complaint did not preserve any claims against Radiology Associates.

{¶51} Finally, the savings statute does not preserve appellant's claims against Radiology Associates.  A plaintiff can only utilize the savings statute contained in R.C. 2305.19 if she timely filed the original action.  Since the original complaint was filed outside the statute limitations, the savings statute does not apply to allow appellant to re-file an untimely lawsuit.  See *Adams v. Kurz*, 10th Dist. Franklin No. 09AP-1081, 2010-Ohio-2776.

{¶52} Appellant's first and sixth assignments of error as to Radiology Associates are overruled.

{¶53} Based on the foregoing, appellant's assignments of error are overruled. The April 27, 2015 judgment entries of the Muskingum County Court of Common Pleas are affirmed.

By: Gwin, J., and

Farmer, P.J., concur;

Hoffman, J., concurs

in part, dissents in part

*Hoffman, J., concurring in part and dissenting in part*

{¶54} I concur in the majority's analysis and disposition of Appellant's assignments of error with one exception.

{¶55} Unlike the majority, I find Appellant's allegation regarding the alteration of her medical records by the Genesis defendants does not arise out of her medical diagnosis, care or treatment. Rather, her medical records provide documentation for what her medical diagnosis was, and for what medical care and medical treatment she received.

{¶56} Likewise, I do not find the allegation of alteration of Appellant's medical records is the result of acts or omissions in providing medical care. Again, I find the allegation of alteration of her medical records merely involves the documentation of what medical care she was (or was not) provided. As such, I find any decision by the Genesis defendants to allegedly alter or misstate the facts cannot be characterized as medical in nature. As noted by Appellant in her reply brief, altering the medical record of a patient hinders the patient's ability to get an Affidavit of Merit to present her medical malpractice claim(s). Accordingly, I respectfully dissent from the majority's decision to affirm the trial court's dismissal of Appellant's claim for fraud against the Genesis defendants.