PATRICIA ANN BLACKMON, J.:
{¶ 1} Deborah J. Michelson ("Michelson") appeals from the trial court's decision granting Volkswagen Aktiengesellschaft, et al.'s ("Volkswagen") motion to dismiss for failure to state a claim upon which relief can be granted and assigns five errors for our review:
I. The trial court committed reversible error by dismissing Plaintiff-Appellant's well pled Complaint that alleged facts sufficient to satisfy Ohio's notice pleading standard on all counts.
II. The trial court committed reversible error by dismissing Plaintiff-Appellant's Complaint based on factual determinations whether Defendant-Appellees were "suppliers" that engaged in "consumer transactions" under Ohio's Consumer Sales Practices Act, Ohio Rev. Code 1345.01, et seq.
*477 III. The trial court committed reversible error by wrongly determining that Ohio's Deceptive Trade Practices Act, Ohio Rev. Code 4165.01, et seq. applies only to commercial entities.
IV. The trial court committed reversible error by wrongly determining that purely economic damages are not recoverable under Ohio's cause of action for breach of implied warranty in tort and/or negligent design not sounding in product liability.
V. The trial court committed reversible error by failing to grant Plaintiff-Appellant leave to amend her Complaint pursuant to Ohio Civil Procedure Rule 15(A), to cure any perceived pleading deficiencies.
{¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.
{¶ 3} In May 2014, Michelson bought a 2009 Volkswagen CC Sport ("the Vehicle") in Cuyahoga County from an unnamed seller. In December 2016, when the Vehicle had approximately 90,000 miles on it, the timing chain system failed, requiring replacement of the engine at a cost of more than $7,000. On March 2, 2017, Michelson filed a complaint against Volkswagen alleging: 1) unfair and/or deceptive acts in violation of R.C. 1345.02(A) ; 2) deceptive trade practices in violation of R.C. 4165.02 ; and 3) design or manufacturing defects.[1]
{¶ 4} The gist of Michelson's lawsuit, as evidenced by her complaint, her brief in opposition to Volkswagen's motion to dismiss, and her appellate briefs, is that "the Volkswagen Defendants manufactured and distributed a vehicle that they knew, or reasonably should have known, has serious manufacturing and design defects, including a defective timing chain system in the engine that makes the car highly unsafe * * *."
{¶ 5} On May 31, 2017, the court granted Volkswagen's motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. It is from this order that Michelson appeals. We address Michelson's assigned errors together when necessary.
Standard of Review- Civ.R. 12(B)(6) Motion to Dismiss
Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
(Citations omitted.) NorthPoint Properties v. Petticord , 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief." Grey v. Walgreen Co. , 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).
{¶ 6} Particular to this case, however, we note that under Civ.R. 12(B)(6), the *478 court does not have to accept Michelson's legal conclusions as true. Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").
Ohio Consumer Sales Practices Act
{¶ 7} The Ohio Consumer Sales Practices Act ("CSPA") provides a remedy to consumers who are subject to unfair or deceptive practices by suppliers. Pursuant to R.C. 1345.02(A), "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."
{¶ 8} In the case at hand, Michelson alleges that: 1) the supplier is Volkswagen; 2) the unfair or deceptive act is Volkswagen's "wrongfully and intentionally" concealing the "Timing Chain System Defect" from consumers "for many years," despite Volkwagen's actual knowledge of the defect; and 3) the consumer transaction was her purchase of the Vehicle.
{¶ 9} Volkswagen, on the other hand, argues that it is not a "supplier" and it did not engage in a "consumer transaction"; therefore, it is not liable to Michelson under the CSPA.
{¶ 10} "Supplier" is defined in the CSPA as "a seller, lessor, assignor, franchisor, or other person engaged in the business of effecting or soliciting consumer transactions, whether or not the person deals directly with the consumer." R.C. 1345.01(C). "Consumer transaction" is defined in pertinent part as "a sale * * * or other transfer of an item of goods * * * to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things." R.C. 1345.01(A). Although there is no requirement of privity between the supplier and the consumer for the CSPA to be applicable, "the defendant must have some connection to the consumer transaction in question in order to be liable as a supplier for deceptive practices which violate the Ohio Consumer Sales Practices Act." Garner v. Borcherding Buick, Inc. , 84 Ohio App.3d 61, 64, 616 N.E.2d 283 (1st Dist.1992).
{¶ 11} To support its argument that it is not a supplier nor was it engaged in a consumer transaction, Volkswagen cites to Lester v. Wow Car Co. , S.D. Ohio No. 2:11-cv-850, 2014 WL 2567087 (June 6, 2014). The Lester court held that the advertisements on "Wow Car Company Ltd.'s website cannot form the basis of [Lester's] OCSPA claim because, inter alia , they do not relate to events that were 'in connection' with the consumer transaction at issue here. Under the express provisions of the OSCPA, a violative act must be done 'in connection with' the consumer transaction at issue." (Emphasis sic.) Id. at 9. See also Hahn v. Doe, 10th Dist. Franklin No. 94APE07-1024, 1995 WL 127863 (Mar. 23, 1995) (a party must "have some connection to a consumer transaction, beyond merely manufacturing a product, in order to be liable for a violation of the CSPA").
{¶ 12} To support her argument that Volkswagen may be held liable under the CSPA, Michelson points to the allegations in her complaint "asserting that the Volkswagen Defendants marketed and distributed the vehicle at issue to an Ohio consumer, namely Ms. Michelson, making them 'suppliers' in a 'consumer transaction.' " The majority of law that Michelson cites holds that a car dealership may be liable under the CSPA for deceptive acts. See, e.g. , Garner.
*479 Haynes v. George Ballas Buick-GMC Truck , 6th Dist. Lucas No. L-89-168, 1990 WL 210413 (Dec. 21, 1990).
{¶ 13} Michelson also cites case law holding that car manufacturers may be liable under the CSPA when breach of contract or warranty is established. See Boyle v. Daimler Chrysler Corp. , 2d Dist. Clark No. 2001-CA-81, 2002-Ohio-4199, 2002 WL 1881157 ; Mason v. Mercedes-Benz USA, L.L.C. , 8th Dist. Cuyahoga No. 85031, 2005-Ohio-4296, 2005 WL 1995087.
{¶ 14} In the case at hand, it is undisputed that Volkswagen is a car manufacturer, not a car dealership. Additionally, evidence in the record shows that the Vehicle was at least seven years old and had approximately 90,000 miles on it when the engine failed. Furthermore, Michelson does not allege that the Vehicle was covered under warranty, and Michelson made no allegation that Volkswagen failed to repair it.
{¶ 15} In Curl v. Volkswagen of Am., Inc., 114 Ohio St.3d 266, 2007-Ohio-3609, 871 N.E.2d 1141, ¶ 29-46, the Ohio Supreme Court recognized that consumers have causes of action against car manufacturers for defects, including claims stemming from "advertising to the public," based on the Magnuson-Moss Warranty Act, Ohio's Lemon Law, express warranties, implied warranty in contract under the condition of privity, and strict liability. Michelson asserted none of these claims in her complaint. Upon review, we find that Michelson's claim is not the type envisioned under the CSPA. Therefore, accepting all factual allegations as true, we find that Michelson has failed to state a claim upon which relief can be granted under the CSPA, and the trial court properly dismissed this claim pursuant to Civ.R. 12(B)(6).
Deceptive Trade Practices Act
{¶ 16} This court has held that "[t]he Ohio Deceptive Trade Practices Act is substantially similar to the federal Lanham Act, and it generally regulates trademarks, unfair competition, and false advertising." Dawson v. Blockbuster, Inc. , 8th Dist. Cuyahoga No. 86451, 2006-Ohio-1240, 2006 WL 1061769, ¶ 23. See also R.C. Chapter 4165. This court has further held that individual consumers are barred from bringing actions under the Lanham Act, 15 U.S.C.S. 1051, et seq., and under Ohio's Deceptive Trade Practices Act, R.C. 4165, et seq. Dawson at ¶ 24-25. "The act's purpose * * * is exclusively to protect the interests of a purely commercial class against unscrupulous commercial conduct." Id. at ¶ 24. In following Dawson,[2] we find that Michelson cannot, as a matter of law, bring a claim against Volkswagen under *480 R.C. Chapter 4165. Therefore, Michelson can prove no set of facts entitling her to relief under this claim, and the court properly dismissed it under Civ.R. 12(B)(6).
Product Liability; Design or Manufacturing Defects
{¶ 17} In Michelson's third claim, she alleges that Volkswagen "manufactured, designed, distributed and/or sold the CC Sport with a Timing Chain System that was defective. The Timing Chain System Defect is a design and/or manufacturing defect." The language Michelson used sounds like a strict liability or defective product claim. However, Michelson further alleges that Volkswagen's conduct was "negligent * * *[,] intentional, fraudulent and willful * * *." Negligence claims are separate and distinct from intentional tort claims, and a plain reading of Michelson's third claim shows that she alleges both. Despite being inconsistent and confusing, in the interests of justice, we review three possible legal theories that Michelson may (or may not) have intended in her third cause of action. We are mindful that, under Civ.R. 12(B)(6), we must accept all factual allegations as true. We are not, however, required to accept legal conclusions as true nor are we required to decipher a deficient complaint.
Statutory Product Liability
{¶ 18} On appeal, Michelson argues that her third cause of action is not a product liability claim, despite that the language used in her complaint mirrors the language used in R.C. 2307.75, which governs when a product is defective for the purpose of product liability claims. Although it appears that Michelson intended to allege a product liability claim here, her claim must fail as a matter of law for the following reasons.
{¶ 19} R.C. 2307.71(A)(13) states, in part, that a product liability claim
means a claim or cause of action * * * that seeks to recover compensatory damages from a manufacturer or supplier for death, physical injury to person, emotional distress, or physical damage to property other than the product in question, that allegedly arose from any of the following:
(a) The design, formulation, production, construction, creation, assembly, rebuilding, testing, or marketing of that product;
(b) Any warning or instruction, or lack of warning or instruction, associated with that product;
(c) Any failure of that product to conform to any relevant representation or warranty.
{¶ 20} In her complaint, Michelson alleged $7,000 in damages to the Vehicle and $200 in damages for the replacement rental car cost. We find that, as a matter of law, Michelson did not allege damages that are recoverable under R.C. 2307.71 ; therefore, she failed to state a claim upon which relief can be granted for product liability. LaPuma v. Collinwood Concrete , 75 Ohio St.3d 64, 66, 661 N.E.2d 714 (1996) ("[a] cause of action for damage to the product itself, i.e., a cause of action alleging only economic damages, is not included in the statutory definition of a 'product liability claim' contained in R.C. 2307.71(M)"). See also R.C. 2307.71(A) (economic damages include "direct, incidental, or consequential pecuniary loss, including, but not limited to, damage to the product in question").
Breach of Implied Warranty
{¶ 21} As an alternative to product liability, Michelson argues on appeal that her third claim sounds in "implied warranty in tort." Upon review, however, we find that the words "implied," "warranty" and "tort" are not included anywhere in her complaint. Assuming, for argument's sake, *481 that Michelson is claiming breach of an implied warranty in tort, we find that she has failed to state a claim upon which relief can be granted.
{¶ 22} To succeed on a breach of implied warranty claim, a plaintiff must allege and prove "by a preponderance of the evidence, that: (1) there was, in fact, a defect in the product manufactured and sold by the defendant; (2) such defect existed at the time the product left the hands of the defendant; and (3) the defect was the direct and proximate cause of the plaintiff's injuries or loss." State Auto Mut. Ins. Co. v. Chrysler Corp., 36 Ohio St.2d 151, 156, 304 N.E.2d 891 (1973).
{¶ 23} Assuming, without deciding, that Michelson satisfies elements one and three of a breach of implied warranty claim by pleading that the Vehicle had a defect and that defect caused injury to the Vehicle's engine, Michelson fails to allege sufficient facts under the second element of the claim. Specifically, Michelson's sole allegation regarding the second element of a breach of implied warranty claim is as follows: "Unbeknownst to Ms. Michelson, when she purchased the CC Sport, and when that Vehicle left Defendants' hands, there was a significant manufacturing and/or design defect in the Vehicle's timing chain system * * *." In looking at the complaint-and only at the complaint, as we must-Michelson alleged that she purchased a 2009 automobile in 2014. Michelson does not reveal who sold the Vehicle to her, she does not allege that she purchased it from Volkswagen, and she does not allege that she has any knowledge about the Vehicle when it was sold new.
{¶ 24} Upon review, we find that Michelson's bare legal conclusion that the Vehicle was defective when it left Volkswagen's hands is not supported by any facts in the complaint. See Tuleta v. Medical Mut. of Ohio , 2014-Ohio-396, 6 N.E.3d 106, ¶ 39 (finding that the court erred by denying a motion to dismiss, because, although the plaintiff alleged that the defendant's actions "were made with malice" and the defendant "instituted and/or continued prosecution" without probable cause, "there are no facts alleged to support these legal conclusions").
While Gallo cannot survive a motion to dismiss through the mere incantation of an abstract legal standard, she can defeat such a motion if there is some set of facts consistent with her complaint, which would allow her to recover. However, the claims set forth in the complaint must be plausible, rather than conceivable. While a complaint attacked by a Civ.R. 12(B)(6) motion to dismiss does not need detailed factual allegations, Gallo's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.
(Citations omitted.) Gallo v. Westfield Natl. Ins. Co. , 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, 2009 WL 625522, ¶ 9 :
Negligent Design
{¶ 25} As another alternative theory, Michelson argues that her third cause of action sounds in negligent design. Upon review, however, we find that common law claims sounding in product liability have been abrogated by the state legislature.
{¶ 26} The Ohio Supreme Court held in Carrel v. Allied Prods. Corp. , 78 Ohio St.3d 284, 677 N.E.2d 795 (1997), paragraph one of the syllabus, that "[t]he common-law action of negligent design survives the enactment of the Ohio Products Liability Act, R.C. 2307.71 et seq." See *482 also Cincinnati v. Beretta U.S.A. Corp. , 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 31.
{¶ 27} However, in 2003, the General Assembly amended R.C. 2307.71(B) to state the following: " Sections 2307.71 to 2307.80 of the Revised Code are intended to abrogate all common law product liability claims or causes of action." In the legislative history of the bill, S.B. No. 80, which took effect April 7, 2005, the General Assembly made the following statement of findings and intent:
The General Assembly declares its intent that the amendment made by this act to section 2307.71 of the Revised Code is intended to supercede the holding of the Ohio Supreme Court in [ Carrel v. Allied Prods. Corp. ] (1997) 78 Ohio St.3d 284 [677 N.E.2d 795], that the common law product liability cause of action of negligent design survives the enactment of the Ohio Product Liability Act, sections 2307.71 to 2307.80 of the Revised Code, and to abrogate all common law product liability causes of action.
{¶ 28} This issue is one of first impression for this court. The following Ohio cases have found that common law product liability claims, such as "negligent design," have been abrogated by R.C. 2307.71(B) : Parker v. Ace Hardware , 2018-Ohio-320, --- N.E.3d ---- ; Rodgers v. Genesis Healthcare Sys. , 5th Dist. Muskingham No. CT2015-0030, 2016-Ohio-721, 2016 WL 762607 ; Zager v. Johnson Controls, Inc. , 2014-Ohio-3998, 18 N.E.3d 533 ; Erie Indemn. Co. v. Keurig, Inc. , N.D. Ohio No. 1:10-CV-02899, 2011 WL 2893013 (July 15, 2011) ; Wimbush v. Wyeth , 619 F.3d 632 (6th Cir.2010).
{¶ 29} We join our sister courts in finding that R.C. 2307.71(B) supercedes Carrel and abolishes common law product liability claims. Accordingly, the court did not err by dismissing Michelson's third cause of action, because it fails to state a claim upon which relief can be granted. Michelson's assigned errors one, two, three, and four are overruled.
Leave to Amend Complaint
{¶ 30} On appeal, Michelson asks this court to grant her "leave to amend her Complaint to address any perceived pleading deficiencies."
{¶ 31} Upon review of the docket, we find that Michelson did not file a motion for leave to amend her complaint. Rather, the last sentence in the conclusion of her brief in opposition to Volkswagen's motion to dismiss states as follows: "In the alternative, if the Court finds that additional particularity is required, then in the interest of fairness and justice, Ms. Michelson requests that the Court grant her leave to file an amended complaint within thirty (30) days of the Court's ruling."
{¶ 32} At the time Michelson filed her brief in opposition to Volkswagen's motion to dismiss, she did not need leave of court to amend her complaint under Civ.R. 15(A). "A party may amend its pleading once as a matter of course within * * * twenty-eight days after service of a motion under Civ.R. 12(B) * * *." According to the trial court's docket, Volkswagen filed its motion to dismiss on May 3, 2017, and Michelson filed her brief in opposition on May 24, 2017.
{¶ 33} Michelson did not file an amended complaint, nor did she file a motion for leave upon which the court could rule. Furthermore, to this day, Michelson has not alleged or otherwise put the court on notice of any new facts which would entitle her to relief under the causes of action she pled in her complaint. On appeal, Michelson argues that "since any amendment would simply be to address supposed *483 pleading defects, and not to change any claims, there would be no new matters to support." However, as discussed throughout this opinion, the claims in Michelson's complaint fail as a matter of law.
{¶ 34} No matter the labels Michelson applies nor the conclusions she reaches, the essence of her claims is that a car manufacturer knowingly produced defective vehicles, one of which she bought secondhand. Michelson does not allege that the Vehicle was under warranty, which would be an obvious theory of recovery. Michelson also does not allege breach of contract, Ohio's Lemon Law, the Magnuson-Moss Warranty Act, the Used Motor Vehicle Trade Regulation Rule,[3] or fraud. These would also be potential theories of recovery for a defective automobile. None of this is to say that Volkswagen did or did not manufacture a defective product. Rather, our holding is limited to finding that, as pled in her complaint, Michelson fails to state a claim upon which relief can be granted.
{¶ 35} Accordingly, we cannot say that the court erred by dismissing Michelson's complaint, and her fifth and final assigned error is overruled.
{¶ 36} Judgment affirmed.
TIM McCORMACK, P.J., and KATHLEEN ANN KEOUGH, J., CONCUR

As will be discussed later in this opinion, the legal theory upon which Michelson's "Count Three" is based is disputed by the parties. A plain reading of "Count Three" leads this court to believe that Michelson is alleging a design or manufacturing defect sounding in product liability. Volkswagen agrees with this assessment. Michelson, however, argues on appeal that her third cause of action sounds in either "implied warranty" or "negligent design." In an abundance of caution, this court will address all three legal theories.

We are aware that the U.S. District Court for the Southern District of Ohio has held that "an individual consumer does have standing to sue under the ODTPA * * *." Schumacher v. State Auto. Mut. Ins. Co. , 47 F.Supp.3d 618, 632 (S.D.Ohio 2014). However, the U.S. District Court for the Northern District of Ohio has held, in line with Dawson , that consumers do not have standing to sue under the ODTPA. Phillips v. Philip Morris Cos., Inc. , 290 F.R.D. 476, 482-485 (N.D.Ohio 2013) ; Robins v. Global Fitness Holdings , L.L.C., 838 F.Supp.2d 631, 649-650 (N.D.Ohio 2012).
Unless the Ohio Supreme Court resolves this issue to the contrary, the doctrine of stare decisis requires us to follow Dawson .
We further note that Michelson's appellate brief states that "[c]ontrary to the Volkswagen Defendants' contention the Dawson court absolutely did not hold that an individual consumer lacks standing to bring an Ohio Deceptive Trade Practices Act claim." (Emphasis sic.) The writer of this opinion, having been on the Dawson court panel, can say with certainty that Michelson is absolutely incorrect. Dawson unequivocally held that an individual consumer cannot bring an Ohio Deceptive Trade Practices Act claim. Dawson at ¶ 21-26.

16 CFR 455.2.