[Cite as *Reynolds v. Kamm*, 2023-Ohio-3797.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| TAYLIN D. REYNOLDS, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 112500 |
| v. | : | |
| CARL J. KAMM, III, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 19, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-972386

### *Appearances:*

Taylin D. Reynolds, *pro se.*

Charles Bennett, Erie County Assistant Prosecutor, *for appellees.*

LISA B. FORBES, P.J.:

{¶ 1} Taylin D. Reynolds ("Reynolds"), acting pro se, appeals from the trial court's journal entry granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

{¶ 2} This case stems from a speeding ticket Reynolds received in October 2022 in Erie County. On November 1, 2022, Reynolds sent correspondence to Erie County Municipal Court Judge Carl J. Kamm, III, and Jennifer L. Ferbeck, who is the Erie County Municipal Court Clerk (collectively, the "Defendants"). This correspondence consisted of two documents: (1) an "Appearance and Perfomance [sic] Agreement" (the "APA"); and (2) a "Notice of No Legality and Offer to Contract" (the "Notice").

{¶ 3} On November 14, 2022, Reynold appeared in Erie County Municipal Court and pled no contest to the speeding ticket. The court found her guilty and sentenced her to a fine of $70 and court costs of $100. On November 19, 2022, Reynolds sent additional correspondence to the Defendants alleging that they breached the APA and demanding payment of $96,500. The Defendants did not respond to any of Reynolds's correspondence.

## I. Reynolds's Complaint and the Procedural History of the Case

{¶ 4} Reynolds filed a complaint in the Cuyahoga County Common Pleas Court against Defendants on December 12, 2022, alleging the following:

> On or about November 5, 2022, the Defendants and I entered contract between each * * *.
>
> The Defendants breached that contract * * *.
>
> I now have damage worth no less than $112,350 United States dollars (on the date of this complaint) because of the Defendants' breach of that contract.

**{¶ 5}** Reynolds attached the APA and the Notice, among other documents not relevant to this appeal, to her complaint. The APA purports to be an "agreement" between Defendants, referred to as "Promoters," and Reynolds, referred to as the "Performer." According to the APA, "[t]he Promoters wish to engage the services of the Performer for both an Appearance and a live Performance on November 14, 2022 at 9:00 a.m. in Erie County Municipal Court * * * for the case that stems from" Reynolds's speeding ticket.

**{¶ 6}** Under the heading "Payment," the APA provides, the "Promoters shall pay the Performer $96,550 no later than 48 hours *after* the Performer's (i) Appearance for the Case and (ii) Performance for the Case." The term "Performance" is defined to mean "to perform one or more of the following on November 14, 2022: the acceptance of the title *defendant*; the entry of a plea; the preparation of a defense; [and] the execution of every order; * * *." (Emphasis sic.) The APA is signed by Reynolds only.

**{¶ 7}** In the Notice, Reynolds explains that she is giving "notice that the Ticket issued to me on October 28, 2022 was issued in error because of the following *fact*: (1) I was in the capacity of *the people* at the time" the speeding ticket was issued "and not in the capacity of *driver* under license from State of Ohio and (2) no law compels the people to be in the capacity of driver under license from State of Ohio at all times * * *." (Emphasis sic.)

**{¶ 8}** The Notice further states that Reynolds would "construe [Defendants'] failure to satisfy one of the following acts to be both [their] tacit

agreement to the Fact [that Reynolds was "the people" and was not a "driver"] and [their] tacit acceptance of the [APA]: (1) deliver to me tangible proof that disproves the Fact within 72 hours after [their] receipt of this notice or (2) deliver to me notice of dismissal with prejudice for both the Case and the Ticket within 72 hours after [their] receipt of this notice * * *."

{¶ 9} Defendants moved to dismiss Reynolds's complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). The court granted that motion on February 16, 2023, finding that the "factual allegations of the complaint * * * do not establish that a contract existed between Reynolds and the Defendants."

{¶ 10} It is from this order that Reynolds appeals raising three assignments of error for our review:

> I. Without necessity and without propriety, the Lower Court's application of Rule 12(B)(6) of the Civil Rules to dismiss the Case with prejudice altogether denies me both rights and powers that the Constitutions aim to secure and to protect — both at the Defendants' unjust gain and at my loss.
>
> II. The Lower Court's application of Rule 12(B)(6) of the Civil Rules to dismiss the Case with prejudice negates one or more substantive provisions of the Civil Rules — both at the Defendants' unjust gain and at my loss.
>
> III. Without necessity and without propriety, the Lower Court's application of Rule 12(B)(6) of the Civil Rules to dismiss the Case with prejudice negates substantive law — especially the Contract and the United States Constitution — both at the Defendants' unjust gain and at my loss.

(Emphasis sic.)

{¶ 11} All three assignments of error allege that the trial court erred by granting the Defendants' motion to dismiss for failure to state a claim upon which relief can be granted — first, that the dismissal violates the "Constitutions"; second, that the dismissal violates the "Civil Rules"; and third, that the dismissal violates the APA and the United States Constitution. Because the assignments of error are interrelated, we review them together.

## II. Law

### A. Pro Se Litigants

{¶ 12} The Ohio Supreme Court has "repeatedly declared that 'pro se litigants * * * must follow the same procedures as litigants represented by counsel.' *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5." *State ex rel. Neil v. French*, 153 Ohio St.3d 271, 2018-Ohio-2692, 104 N.E.3d 764, ¶ 10. Furthermore, Ohio courts have consistently held that pro se litigants "are presumed to have knowledge of the law and legal procedure and * * * they are held to the same standard as litigants who are represented by counsel." *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

### B. Civ.R. 12(B)(6) Motion to Dismiss — Failure to State a Claim Upon Which Relief Can Be Granted

{¶ 13} "Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. * * * A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all

reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). However, this court has held that, pursuant to Civ.R. 12(B)(6), a trial court is not required to accept a plaintiff's legal conclusions in his or her complaint as true. *Michelson v. Volkswagen Aktiengesellschaft*, 2018-Ohio-1303, 99 N.E.3d 475, ¶ 6 (8th Dist.). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

{¶ 14} "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Michelson* at ¶ 5, quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

{¶ 15} We note that items properly incorporated into the complaint may be considered in conducting a Civ.R. 12(B)(6) analysis. Under Civ.R. 10(C), a "written instrument attached to a pleading becomes part of the pleading." However, "not every document attached to a pleading constitutes a Civ.R. 10(C) written instrument." *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17. Rather, a written instrument "has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as

negotiable instruments, 'insurance policies, leases, deeds, promissory notes, and contracts.'" *Id.*, quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 17.

### C. Elements of an Enforceable Contract; Breach of Contract

{¶ 16} "'A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration.'" *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Kostelnik* at ¶ 16.

{¶ 17} "To establish the essential elements of a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his [or her] obligations; (3) the defendant breached his [or her] obligations; and (4) damages resulted from this breach." *Re/Max Crossroads Props. v. Roberts,* 8th Dist. Cuyahoga No. 99537, 2013-Ohio-5575, ¶ 11.

## III. Analysis

{¶ 18} In her complaint, Reynolds alleges the following: she and the Defendants entered into a contract on November 5, 2022; the Defendants breached this contract; and damages resulted "worth no less than $112,350." We note that the contract Reynolds alleged she entered into with the Defendants would be

unenforceable if it existed. *See, e.g., Rainy Day Rentals v. Next Gen. Props.*, 7th Dist. Mahoning No. 21 MA 0096, 2022-Ohio-3530, ¶ 26 ("Contracts found void as in violation of law and contrary to public policy are void because the law disapproves of the purpose of the contract, consideration contemplated, or the terms of the agreement * * *."); Jud.Cond.R. 2.10(B) ("A judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the *impartial* performance of the adjudicative duties of judicial office."). (Emphasis sic.) *See also* Jud.Cond.R. 2.10(C) (similarly restricting court officials).

{¶ 19} Upon review, we find that the statements in Reynolds's complaint are all conclusory statements of law. In *Michelson*, this court affirmed the trial court's dismissal of the plaintiff's claims against a car manufacturer for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6) where the plaintiff's allegations amounted to legal conclusions, not factual assertions. *Michelson*, 2018-Ohio-1303, 99 N.E.3d 475, at ¶ 6. "No matter the labels Michelson applies nor the conclusions she reaches, the essence of her claims is that a car manufacturer knowingly produced defectives vehicles, one of which she bought secondhand." *Id.* at ¶ 34. This court found that Michelson's complaint failed in part because "Michelson's bare legal conclusion * * * is not supported by any facts in the complaint." *Id.* at ¶ 24.

{¶ 20} Similar to *Michelson*, Reynolds failed to plead facts to support her legal conclusions. Simply asserting that a contract existed is a legal conclusion that we need not accept as true.

{¶ 21} Our conclusion does not change when we consider the attachments to the written complaint purporting to establish the existence of a contract. Considering the APA, the Notice, and Reynolds's allegations in a light most favorable to Reynolds, as we must when reviewing a trial court's ruling on a Civ.R. 12(B)(6) motion to dismiss, we find that Reynolds failed to demonstrate the first prong of her breach of contract claim, namely that a contract existed. *See Baillis v. Ross*, 8th Dist. Cuyahoga No. 97259, 2012-Ohio-705, ¶ 14 ("Because there is no * * * agreement, and thus, no binding contract, plaintiffs are not entitled to relief under a breach of contract theory of recovery."); *Knoop v. Orthopaedic Consultants of Cincinnati, Inc.,* 12th Dist. Clermont No. CA2007-10-101, 2008-Ohio-3892 (granting defendant's motion to dismiss after analyzing attachments to complaint and concluding that no enforceable contract was alleged).

{¶ 22} The APA is signed only by Reynolds, and there is no indication on the face of the document that Defendants agreed to its terms. While the APA and Notice may be considered an offer, there is no allegation that the Defendants expressly agreed to the essential terms of Reynolds's alleged offer, and there is no other "manifestation of mutual assent." *See Obkukhoff v. Case W. Res. Univ.*, 8th Dist. Cuyahoga No. 93381, 2010-Ohio-1435, ¶ 24 (finding no contract because there was no meeting of the minds). Reynolds's statements in the Notice that the Defendants'

failure to either (1) "disprove" that the traffic citation was issued to her in error, or (2) dismiss the traffic case against her will result in the Defendants' "tacit acceptance" of the terms of the APA have no legal effect. Other than in narrow circumstances not at issue here, "an offeror cannot cause the silence of the offeree to constitute an acceptance" of a contract. *Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co.,* 54 Ohio St.2d 147, 152, 375 N.E.2d 410 (1978) (noting the following exception: "where the relation between the parties justifies the offeror's expectation of a reply, such silence may constitute an acceptance on the part of the offeree").

{¶ 23} In the case at hand, Reynolds has alleged no facts regarding a prior relationship between the parties. Indeed, while Reynolds alleged she sent the Notice and APA to the Erie County Municipal Court, she has not alleged that the Defendants actually received the documents, much less that they agreed to the terms of the APA.

{¶ 24} The Notice and APA are nothing more than correspondence Reynolds sent to the Defendants. Reynolds and the Defendants came to no agreement, no contract was formed, and thus, there was nothing to breach. Based on the complaint, including the attachments, Reynolds can prove no set of facts entitling her to relief, and the court did not err by granting the Defendants' motion to dismiss.

{¶ 25} Accordingly, Reynolds's three assignments of error, which all challenge the trial court's dismissal of her case, are overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

MICHAEL JOHN RYAN, J., and
SEAN C. GALLAGHER, J., CONCUR